Richard Milford WATSON, Petitioner,

v.

NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation Administration, Respondents.

No. 74–1437.

United States Court of Appeals,
Ninth Circuit.

Feb. 27, 1975.

Dolores Jean Watson, Torrance, Cal., for petitioner.

Carla A. Hills, Asst. Atty. Gen., New York City, Ronald R. Glancz, Karen K. Siegel, Washington, D. C., for respondents.

OPINION

Before ELY, CARTER and GOODWIN, Circuit Judges.

PER CURIAM:

In 1965, the Federal Aviation Agency (FAA)[1] promulgated a new aviation regulation requiring each person holding a flight engineer certificate issued before February 22, 1966, to exchange his certificate for a new certificate showing a rating for the particular class or classes of aircraft on which the individual was qualified for flight engineering performance. 30 Fed.Reg. 14560 (1965); 14 C.F.R. 63.45 (1974). The regulation provided that pre-1966 certificates would not be effective after a certain date in 1968 but that they could be exchanged for new certificates, upon a showing of compliance with specified requirements, at any time before a certain date in February, 1971.

1. Changed, by 49 U.S.C. § 1655(c)(1), to the Federal Aviation Administration, within the Department of Transportation.

Watson held a flight engineer's certificate that had been issued in 1960. Subsequently, asserting that he was unaware of the new regulation described above, Watson failed to take any action to have his certificate converted to a new, class-rated certificate until 1973. Upon Watson's inquiry, the FAA informed him that the five-year period for converting his old certificate had expired and that, consequently, the old certificate was no longer valid.

Soon thereafter, Watson filed a petition for review of the FAA's action by the National Transportation Safety Board (NTSB).[2] He contended that before the FAA could declare his certificate invalid because of the operation of the new regulation, the agency was required by 49 U.S.C. § 1429(a) and procedural due process to give him personal notice, by mail, of the new regulation and his obligations thereunder. An administrative law judge found that the NTSB had no jurisdiction to entertain Watson's claims and dismissed Watson's petition. Watson now seeks relief directly in this Court.

■ The administrative law judge was correct. The NTSB's jurisdiction is limited by statute to appeals from *adjudicative* orders of the FAA. *See* 49 U.S.C. §§ 1422(b), 1654(b)(2). The NTSB does not have jurisdiction over challenges to FAA regulations of general application, even though such regulations may have substantial effects on individuals. *See* Air Line Pilots Association, International v. Quesada, 276 F.2d 892, 897–98 (2d Cir. 1960), cert. denied, 366 U.S. 962, 81 S.Ct. 1923, 6 L.Ed.2d 1254 (1961). The FAA action challenged here is clearly rulemaking, not adjudication.

Watson should have filed his action as an original proceeding in the appropriate United States District Court. We recognize that there is authority supporting the view that Courts of Appeals may entertain petitions for direct review of FAA regulations pursuant to 49 U.S.C.

§ 1486(a) when the issues presented are, as here, only legal, not factual. Deutsche Lufthansa Aktiengesellschaft v. Civil Aeronautics Board, 156 U.S.App. D.C. 191, 479 F.2d 912, 915–16 (1973); *cf.* Greve v. Civil Aeronautics Board, 378 F.2d 651, 656 (9th Cir. 1967) (challenge to constitutionality of an FAA regulation considered *in conjunction with* a properly-appealed adjudicative order based on that regulation); *contra* Division of Production, American Petroleum Institute v. Halaby, 307 F.2d 363 (5th Cir. 1962). Nevertheless, for the reason discussed below, we need not decide whether that authority would support our deciding the merits of Watson's petition as if it were an original action filed herein.

■ Section 1486(a) requires that a petition for review of an FAA order be filed in the Court of Appeals within sixty days of the date the order is entered, unless the Court of Appeals, upon finding reasonable grounds for delay, grants leave to file a late petition. Whether the "order" here challenged was "entered" in 1965, when the new regulation was first published in the Federal Register, or in 1971, when, because of Watson's failure to convert his old certificate, the certificate expired, Watson's petition is too late. Even if we assume that the sixty day statute of limitations in § 1486(a) tolled in 1973, when Watson erroneously filed his petition with the NTSB, the filing was yet several years overdue. In Deutsche Lufthansa Aktiengesellschaft v. CAB, *supra*, the petitioner apparently initiated its challenge to the contested regulation before the regulation even became effective. Watson's failure to learn of the new regulation until 1973 is not a reasonable justification for his from two-to-eight-year delay.

The Order of the administrative law judge dismissing Watson's petition to the NTSB for want of jurisdiction is affirmed.

---

2. The NTSB inherited the administrative review functions of the old Civil Aeronautics Board. 49 U.S.C. § 1655(d).

Considered as a petition for direct review by this Court of an FAA regulation, Watson's petition would be barred by the limitations period in 49 U.S.C. § 1486(a), even if we have jurisdiction under that statute, a question that we do not decide. Watson's petition is therefore dismissed.

So ordered.