**Patric M. GRAHAM, Petitioner,**

v.

**NATIONAL      TRANSPORTATION SAFETY BOARD and James E. Dow, Acting Administrator, Federal Aviation Administration, Respondents.**

No. 75–1279.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1975.

Decided Feb. 19, 1976.

---

Warren P. Eustis and Robert T. Holley, Holmes, Eustis, Kircher & Graven, Minneapolis, Minn., filed brief for petitioner.

Rex E. Lee, Asst. Atty. Gen., and Ronald R. Glancz and Mark N. Mutterperl, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., filed brief for respondents.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

LAY, Circuit Judge.

The petitioner, Patric M. Graham, applied for an airman's first-class medical certificate with the Federal Aviation Administration (FAA). He admitted a medical history of alcoholism, but professed sobriety for the preceding six months.[1] After requesting all of petitioner's medical records, the FAA denied the application, in reliance on an FAA regulation.[2] 14 C.F.R. § 67.13.

Petitioner proceeded with an appeal to the National Transportation Safety Board (NTSB). This process required a hearing before an Administrative Law Judge who found that the petitioner had failed to rebut the finding of a medical history of alcoholism. Petitioner appealed this decision to the NTSB. On Feb-

---

1. An airman's first-class medical certificate is a prerequisite to eligibility for various piloting jobs and occupations.

2. After denial of his application, petitioner applied to the Federal Air Surgeon for an exemption from the regulation. The exemption was formally denied by the Federal Air Surgeon after consultation with "appropriate medical specialists." However, the Federal Air Surgeon concluded that petitioner had shown sufficient evidence of clinical improvement and had demonstrated a sufficient period of responsible abstinence to warrant a grant of exemption for second-class medical certification, with certain stipulations regarding required periodic psychiatric follow-ups. This denial of an exemption for a first-class certificate, and petitioner's acceptance of the lower class certificate, would not preclude repetitioning for first-class certification in the future.

ruary 25, 1975, relying on petitioner's admitted history of alcoholism, the Board affirmed the law judge's denial of petitioner's application. The Board noted that petitioner had raised issues regarding the reasonableness of the FAA regulations, but refused to consider them since "the Board has no authority to pass on the reasonableness or constitutionality of the regulations."

Petitioner filed a petition for review of the Board's decision in this court, pursuant to 49 U.S.C. § 1486(a). We affirm.

Petitioner raises two issues on this appeal: (1) whether the regulation under which petitioner was denied a first-class certificate due to his history of alcoholism, is arbitrary and discriminatory and without a reasonable relation to the purposes of the Act; and (2) whether the Federal Air Surgeon's use of "appropriate" medical experts in his decision to deny petitioner's requested exemption was in violation of petitioner's due process rights.

*The Reasonableness of the Regulation.*

The regulation on which the NTSB relied in denying the petitioner a first-class certificate is 14 CFR § 67.13, which requires that:

> (a) To be eligible for a first-class medical certificate, an applicant must meet the requirements of paragraphs (b) through (f) of this section.

> .    .    .    .    .

> (d) *Mental and neurologic*—(1) *Mental.* (i) No established medical history or clinical diagnosis of any of the following:

> (*a*) A personality disorder that is severe enough to have repeatedly manifested itself by overt acts.

> (*b*) A psychosis.

> (*c*) Alcoholism. As used in this section, "alcoholism" means a condition in which a person's intake of alcohol is great enough to damage his physical health or personal or social functioning, or when alcohol has become a prerequisite to his normal functioning.

The appropriate standard of review of an agency regulation is whether the regulation is reasonably related to the purposes of the authorizing statute. *See Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 369, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). In this case, the FAA Administrator is empowered by the relevant act to promulgate "reasonable rules and regulations", "to promote safety of flight of civil aircraft in air commerce." See 49 U.S.C. § 1421(a)(5), (6). Thus, the purpose of the Act—the promotion of safety in air commerce—is clear. Since the regulation is authorized, the question remaining is whether the measure chosen is reasonably related to its objectives.

The genesis of this regulation is outlined in *Doe v. Department of Transportation, FAA,* 412 F.2d 674, 676 (8th Cir. 1969). There, this court noted that the requirements of this regulation were based on the medical fact that alcoholism is a condition which could not be "so precisely studied in the individual as to provide assurance that [it] will not interfere with the safe piloting of aircraft." *Id.* at 676.

Petitioner argues that only persons with a history of "chronic alcoholism" should be disqualified from any class of medical certification. The FAA Administrator deleted the word "chronic" from the regulation, explaining in part that the word "chronic" was not consistent with currently accepted psychiatric terminology and created difficulties in enforcement actions. Thus, petitioner argues that denying certification to those with a medical history of alcoholism is not related to air safety, since "chronic alcoholism," *i. e.,* a current clinical diagnosis or permanent damage as a result of past alcoholism, is the medically acknowledged threat to safety.

We disagree. This argument does not give sufficient weight to the uncertain state of medical knowledge of alcoholism. Even though reasonable, and even eminent, minds may differ as to the relative wisdom of the challenged regulation, "courts should defer to the informed experience and judgment of the agency to whom Congress delegated appropriate authority." *Mourning v. Fami-*

ly *Publications Service, Inc.*, 411 U.S. 356, 372, 93 S.Ct. 1652, 1662, 36 L.Ed.2d 318 (1973).

Furthermore, it is noteworthy that there is a provision for exemption from the challenged regulation. The petitioner availed himself of this procedure and received a second-class medical certificate. In *Doe,* this court stated that the existence of this procedure left "no room . . . for one to claim that this disqualification is arbitrary and opens the door to abuse." 412 F.2d at 678.

*Exemption Procedure and Due Process.*

Petitioner challenges the FAA procedure for determining whether to grant his application for an exemption as violative of due process. He specifically urges that there are no safeguards to insure that the Air Surgeon will make this determination consistent with the requirements of procedural due process. The petitioner is particularly troubled that the Air Surgeon was influenced by an "outside consultant" who apparently made an unfavorable recommendation. The petitioner argues that due process requires that he be allowed to confront and cross-examine the "outside consultant."

Assuming, but not deciding, that petitioner has demonstrated such an interest in liberty or property as to bring the procedural safeguards of the due process clause into play, the question becomes what process is due the petitioner under these circumstances. *See Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Greenhill v. Bailey,* 519 F.2d 5, 9 (8th Cir. 1975).

The determination of whether to grant an exemption is based on "adjudicative facts" relating to a particular individual. Thus, the reason for more extensive hearing requirements is at its strongest. *See* K. Davis, Administrative Law Treatise § 7.18 at 494 (1958). However, this does not end the analysis.

The requirements of due process are delineated in any given case by the consideration of both the governmen-

tal function involved and the private interests affected. *Fusari v. Steinberg,* 419 U.S. 379, 389, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975). In this case, the governmental function is to determine the fitness of a particular applicant for exemption from the regulation requirements for a first-class medical certificate. This determination is based on the medical record of the applicant. Therefore, further opportunity to be heard would not aid the applicant. The fact that the Air Surgeon consulted with other experts to aid his decision is of little moment since the petitioner has no right to receive the product of such consultation or to question the other experts consulted. In *KFC Nat'l Mgt. Corp. v. NLRB,* 497 F.2d 298 (2nd Cir. 1974), the Second Circuit stated:

> [T]he courts have consistently refused to issue subpoenas for the work product of such decision-making processes: Staff memos, expert reports, preliminary drafts, the oral testimony of the decision makers as to the basis for their opinions—all have been held to be beyond the purview of the contesting parties and the reviewing courts.

*Id.* at 305.

*See also United States v. Morgan,* 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941).

Moreover, here the applicant sought an exemption. No rights have been terminated, *cf. Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and as in social security disability cases, we are not faced with a change of status without notice. *See Richardson v. Perales,* 402 U.S. 389, 407, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The use of reports by medical advisors in administrative hearings, where the accuracy of the facts assumed is not at issue, is permissible and does not encroach upon due process rights of a claimant. *See Richardson v. Perales, supra* at 408, 91 S.Ct. 1420.

We conclude under the circumstances there is no denial of due process.

The petition for review is denied.