Loren L. **FLOREY**, Appellant,

v.

**AIR LINE PILOTS ASSOCIATION, INTERNATIONAL and Northwest Airlines, Inc., Appellees.**

No. 77–1904.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1978.

Decided May 18, 1978.

Russell J. Jensen, St. Paul, Minn., for appellant.

Ellen Chapnick, Atty., Air Line Pilots Ass'n, Intern., Washington, D. C., for Air Line Pilots Assn., etc.; Daniel M. Katz, Air Line Pilots Assn., etc., Washington, D. C., on brief.

David A. Ranheim, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., for appellee, Northwest Airlines, Inc.; Douglas E. Ray, Minneapolis, Minn., on brief.

Before HEANEY and STEPHENSON, Circuit Judges, and WANGELIN,* District Judge.

STEPHENSON, Circuit Judge.

Plaintiff-appellant, Loren L. Florey, a retired commercial airline pilot, instituted this suit against his former employer, Northwest Airlines, Inc. (NWA), and his former labor union Air Line Pilots Association (ALPA). Florey made various allegations of impropriety in connection with the revocation of his first class medical certificate by the Federal Aviation Administration (FAA) and with his subsequent "forced retirement."

The district court[1] dismissed the action against both defendants for failure to state a claim. We affirm.

The opinion of the district court, which is reported at 439 F.Supp. 165, contains a full discussion of the facts leading up to this lawsuit. Consequently, we will relate the factual and procedural background only to the extent necessary for an understanding of our determination.

---

* The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota.

We, of course, must assume the facts alleged in the complaint are true and construe them in the light most favorable to Florey. *See Seven-Up Bottling Co. v. Seven-Up Co.*, 561 F.2d 1275, 1282 (8th Cir. 1977); *Seasongood v. K & K Insurance Agency*, 548 F.2d 729, 731 (8th Cir. 1977). We are convinced that Florey cannot possibly obtain any relief even if he proves the facts alleged in his complaint.

■ Although Florey's complaint is somewhat difficult to understand, it appears that the thrust of his complaint and argument on appeal is that ALPA violated its duty of fair representation. The right to fair representation by the union is a right which the judiciary has created by implication from federal statutes. *Steele v. Louisville & Nashville R.R.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944). The doctrine was devised to ensure that "no individual union member may suffer invidious, hostile treatment at the hands of the majority of his coworkers." *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473 (1971).

The facts gleaned from the complaint disclose that in 1972, after being approached by NWA representatives, Florey was given a four months leave of absence to enter an alcohol rehabilitation program. From that time on the FAA conditioned Florey's certification as a commercial airline pilot upon ALPA and NWA attesting to his sobriety at six-month intervals.[2] In 1976 ALPA refused to issue a letter attesting to Florey's sobriety. Thereupon, the FAA medical examiner revoked his medical certificate. Florey did not challenge the revocation of his certificate through the appeal process provided by statute. *See* 49 U.S.C. §§ 1429, 1903(a), 1486. Since he could no longer pilot aircraft for NWA, Florey was permitted to take early retirement. Florey now seeks to recover from NWA and ALPA back pay both for the four month period during which he was on leave without pay in 1972 and for the period beginning with his early retirement in 1976 and ending with his expected date of retirement.

ALPA contends that it owed Florey no duty of fair representation before the FAA. It claims that the duty of fair representation applies only when a union is exercising its statutory authority as exclusive representative in the negotiation and administration of a collective bargaining agreement. *See NLRB v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175, 180, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967); *Kuhn v. National Ass'n of Letter Carriers*, 528 F.2d 767, 770 (8th Cir. 1976). In the present case, although ALPA's actions may have influenced significantly the decision of the FAA to revoke Florey's medical certificate, its role was merely advisory. Moreover, Florey could have procured independent representation or represented himself before the FAA. We also note that the complaint does not allege that Florey challenged NWA's action through the grievance-arbitration procedures established by the ALPA–NWA collective bargaining agreement.

■ Assuming arguendo that ALPA did owe Florey a duty of fair representation before the FAA, he nevertheless has failed to state a cause of action against ALPA. In his complaint Florey alleges several acts and omissions by ALPA. He contends that ALPA played an impermissible role in establishing the conditions attached to the renewal of his medical certificate by the FAA; that ALPA's refusal to attest to his sobriety "forced" the FAA to rescind its certification; and that ALPA prevented the FAA from according him a hearing concerning the revocation of his certificate. Florey also asserts that ALPA's representation of him was inadequate in 1972 when he took a leave of absence to participate in an alcohol rehabilitation program and that at some later time ALPA failed to provide him with a promised alcohol rehabilitation program.

---

**2.** 14 C.F.R. § 61.151(e) requires the holder of an airline transport certificate to have a first class medical certificate. Anyone with an "established medical history or clinical diagnosis of alcoholism" is ineligible to hold a first class medical certificate under 14 C.F.R. § 67.13(d)(1)(i)(c).

■ None of the above allegations state a cause of action under the fair representation doctrine because it is not alleged that ALPA acted in bad faith or arbitrarily. Nor were adequate facts alleged to support an inference of bad faith or discriminatory intent. Improper union motivation is the very crux of the fair representation doctrine and is an essential element in all fair representation cases. *See Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees v. Lockridge, supra,* 403 U.S. at 299, 301, 91 S.Ct. 1909; *Vaca v. Sipes,* 386 U.S. 171, 189–90, 193–95, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Anderson v. United Transp. Union,* 557 F.2d 165, 169–70 (8th Cir. 1977); *Augspurger v. Brotherhood of Locomotive Eng'rs,* 510 F.2d 853, 858–59 (8th Cir. 1975). This court has stated:

> In order to state a claim of unfair representation, the plaintiff
>
> * * * must have more than conclusory statements alleging discrimination. In particular plaintiffs must make a showing that the action or inaction * * * complained of was *motivated* by bad faith, for the gravamen of the rule is "hostile discrimination." An allegation that certain conduct of the [Union] * * * is "invidious" and "discriminatory", without a concomitant identification of lack of good faith, will not set forth a claim sufficient to call for the use of the *Steele* doctrine. * * *

*Gainey v. Brotherhood of Railway & Steamship Clerks,* 313 F.2d 318, 323 (3rd Cir. 1963) (emphasis supplied).

*Augspurger v. Brotherhood of Locomotive Eng'rs, supra,* 510 F.2d at 859.

To withstand ALPA's motion to dismiss, Florey would have to have alleged not only that ALPA made an erroneous determination as to his sobriety but also that it was made in bad faith. *See Vaca v. Sipes, supra,* 386 U.S. at 189–90, 87 S.Ct. 903. Florey has not even alleged that he was prejudiced by the actions of ALPA. He does not allege that he had not had episodes of alcoholism within the six months period prior to ALPA's refusal to provide a letter of attestation, much less that ALPA in bad faith used the charge of alcoholism as a pretext to disguise other prescribed motives.[3] Similarly, Florey does not allege arbitrary or bad faith conduct on the part of ALPA in its representation of him in 1972.

We have examined the complaint carefully and conclude that Florey has failed to state a claim cognizable under the fair representation doctrine.

■ Florey joined NWA as a defendant solely on the grounds that once the court assumed jurisdiction over a union in an unfair representation case, it is automatically appropriate to assume jurisdiction over the employer. It follows from our holding that Florey has failed to state a claim against ALPA that the dismissal of the action against NWA must also be affirmed.

■ Two other claims are raised by Florey's complaint. First, Florey alleges that the actions of both NWA and ALPA deprived him of his constitutional rights of due process and equal protection. It is well settled that the prohibitions of the Fifth and Fourteenth Amendments do not apply to private actions. No state or federal action on the part of either NWA or ALPA is alleged or present in this case. Consequently, this claim must also fail.

■ Second, Florey attempts to present a cause of action under the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act Amendments of 1974 and 1976, 42 U.S.C. §§ 4541, et seq. We agree with the district court that that legislation does not confer any private cause of action against private employers or unions.

The decision of the district court dismissing the action against both ALPA and NWA for failure to state a claim upon which relief could be granted is affirmed.

Affirmed.

---

3. We reject Florey's argument that alcoholism is an impermissible basis upon which to discriminate. Conversely, we agree with the conclusion of the FAA that alcoholism is incompatible with piloting commercial aircraft. *See* 14 C.F.R. §§ 67.13(d)(1)(i)(c), 67.15(d)(1)(i)(c), 67.-17(d)(1)(i)(c).