**John R. JENSEN, Petitioner,**

v.

**The ADMINISTRATOR OF the FEDERAL AVIATION ADMINISTRATION and the National Transportation Safety Board, Respondents.**

No. 78–2135.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1980.

Decided April 9, 1981.

Thomas H. Lambert, and B. Frank Kennerly, San Diego, Cal., for petitioner.

Douglas Letter, Washington, D. C., argued for respondents; William Kanter, Dept. of Justice, Washington, D. C., on brief.

Before TRASK and FLETCHER, Circuit Judges, and SOLOMON *, District Judge.

SOLOMON, Senior District Judge:

John R. Jensen applied to the Administrator of the Federal Aviation Administration (FAA) for recertification of his second-class medical certificate. His application

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

was denied. This denial was affirmed by the National Transportation Safety Board (NTSB). Jensen petitions this court to review the NTSB order.

Under FAA regulations an individual must have both an FAA commercial pilot certificate and an FAA second-class medical certificate to be a commercial pilot. Jensen holds a lifetime commercial pilot certificate. 14 C.F.R. § 61.19 (1980). In 1975 when Jensen applied for medical recertification, he disclosed that he had a history of alcoholism. Although Jensen asserted that he was fully cured, the FAA, without a hearing, denied recertification under its regulations which disqualify all prior alcoholics from obtaining a medical certificate. 14 C.F.R. §§ 67.15, 67.17 (1980) (disqualifying regulations).[1]

Jensen requested the NTSB to review the denial and. the NTSB affirmed. In this court, Jensen seeks to review this determination.

While Jensen's request for NTSB review was pending, he applied to the FAA for an exemption from the disqualifying regulations under 49 U.S.C. § 1421(c) and 14 C.F.R. § 11.25. The FAA denied the exemption on the ground that Jensen's one year of abstinence was insufficient. Jensen did not appeal this denial. Nevertheless, the FAA has urged us to view the disqualifying regulations, which it refers to as the

"first-tier," and the exemption procedure, which it refers to as the "second-tier," together as a "two-tiered" system.

The sole issue here is the validity of the FAA disqualifying regulations. These regulations were issued in 1962 under the FAA's authority to establish safety regulations, 49 U.S.C. § 1421(a)(6), and to establish qualification requirements for medical certificates, 49 U.S.C. § 1422(b). Jensen contends that Congress preempted these regulations when it enacted the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 (the Alcoholism Act), which provides in part that:

No person may be denied or deprived of Federal civilian or other employment or a Federal professional or other license or right solely on the grounds of prior alcohol abuse or prior alcoholism. 42 U.S.C. § 4561(c)(1).

By its terms this section applies to all "persons" and to all "federal licenses." This includes pilot certificates. We hold that the Alcoholism Act applies to the disqualifying regulations because an individual must have a medical certificate to get a pilot certificate.[2]

The FAA apparently now concedes that the Alcoholism Act applies to the disqualifying regulations. But it contends that although an applicant with a history of alco-

---

1. 14 C.F.R. § 67.15 states in pertinent part:
   "(a) To be eligible for a second-class medical certificate, an applicant must meet the requirements of paragraphs (b) through (f) of this section.
   (d) *Mental and neurologic*—(1) *Mental.* (i) No established medical history or clinical diagnosis of any of the following:

   .    .    .    .    .

   (c) Alcoholism. As used in this section, "alcoholism" means a condition in which a person's intake of alcohol is great enough to damage his physical health or personal or social functioning, or when alcohol has become a prerequisite to his normal functioning."
   Section 67.17, governing the issuance of third-class medical certificates, is substantially similar.

2. In *Petition of Moss*, Order No. EA-664 (March, 1975), and in this case, the NTSB concluded that the Alcoholism Act does not affect

the disqualifying regulations because Congress intended the Act to apply only to federal civilian employees.

It reached this conclusion on the basis of the titles of the relevant portions of the Alcoholism Act. However, [u]nless there is some genuine confusion in the terms of an act, courts will not look to the title." *United States v. Union Oil Co.*, 343 F.2d 29, 32 (9th Cir. 1965).

Here, the language is clear without resort to the titles or other extrinsic aids. We interpret the titles as being descriptive of the general subject matter and not as restrictive of the provisions' plain language. The legislative history also indicates that Congress wished to purge alcoholism issues from all federal decisions involving licenses or other rights and therefore intended to include all federal licenses and rights within the statute's reach. H.R. Rep. No. 1663, 91st Cong., 2d Sess. *reprinted in* [1970] 3 U.S.Code Cong. & Ad.News 5719.

holism is automatically disqualified from obtaining a medical certificate, he can apply for an exemption from the rule under the "two-tiered" system. The FAA administrator may grant an exemption from any FAA rule or regulation if he decides that to do so would be "in the public interest," and "would not adversely affect safety," 14 C.F.R. § 11.27(e) (1980). The FAA argues that this procedure negates the contention that the Administrator denies certificates solely on grounds of prior alcoholism. This argument is without merit.

First, the decision to deny Jensen's application for an exemption is not before this court because Jensen did not appeal. Second, even if we were in a position to consider the "second-tier" exemption procedure as a limitation on the "first-tier" certification process this would not cure the direct conflict between the "first-tier" and the Alcoholism Act.[3]

Third, even if this court accepted the FAA's "two-tier" argument, the exemption procedure does not comport with due process. The FAA need not grant an applicant a hearing before passing on the application, see Coppenbarger v. FAA, 558 F.2d 836 (7th Cir. 1977) and the decisions are reviewable under the arbitrary and capricious standard, see Keating v. FAA, 610 F.2d 611 (9th Cir. 1979).

Due process requires that for a meaningful review of an agency decision, the agency must have articulated standards governing its determinations. See Matlovich v. Secretary of the Air Force, 591 F.2d 852, 857 n. 11 (D.C.Cir.1978).

Here, the FAA's only standards for an exemption are that it would be "in the public interest" and "would not adversely affect safety." These standards do not give the court a sufficient basis for review. Neither do they give the applicant any basis for "planning his course of action (including the seeking of judicial review)." Id. at 857.

In the absence of articulated guidelines, the FAA's statements about Jensen's one year period of abstinence being insufficient to demonstrate a "cure" do not foreclose the ability of the FAA to apply standards other than a period of abstinence. See Id.; White v. Roughton, 530 F.2d 750, 753–54 (7th Cir. 1976). In Graham v. National Transportation Safety Board, 530 F.2d 317 (8th Cir. 1976), the Federal Air Surgeon approved Graham's second-class certificate because he had demonstrated a sufficient period of abstinence by remaining sober for six months. Here, Jensen's one year period of abstinence was considered insufficient. This indicates that the FAA probably considers factors other than the period of remission in the exemption determination.

We hold that the disqualifying regulations are invalid.

Although the regulations are invalid, the FAA may still consider alcoholism in its certification process. The agency may enact regulations prohibiting certification of current alcoholics, if that term is adequately defined. It may also make a case-by-case determination of the effects of prior alcoholism under 14 C.F.R. § 67.15(d)(ii). This regulation provides that an applicant must establish that he has:

> No other personality disorder, neurosis, or mental condition that the Federal Air Surgeon finds—
> (a) Makes the applicant unable to safely perform the duties or exercise the privileges of the airman certificate that he holds or for which he is applying... and the findings are based on the case history and appropriate, qualified, medical judgment relating to the condition involved.

Under this section, the FAA should determine whether Jensen has established that he totally abstains and has totally abstained from the use of alcohol for a continuous appreciable period of time, that his prior

---

3. The FAA's basis for the mandatory disqualification is that individual determinations of the degree of impairment from alcoholism and the effectiveness of treatment are not possible. See *Doe v. Department of Transportation*, 412

F.2d 674, 676–678 (8th Cir. 1969). Yet, under the exemption procedure, the FAA asserts that it can relate alcoholism to pilot capability and safety with such certainty that it exempts fifty-five percent of all applicants from the rule.

alcoholism did not damage his health and that he is free from any of the consequences of alcoholism. Such an inquiry will comply with the Alcoholism Act because it will not deny jobs and privileges to reformed alcoholics solely because of their history of alcoholism.

We therefore reverse the determination of the NTSB and remand for a hearing within ninety days under 14 C.F.R. § 67.-15(d)(ii).

TRASK, Circuit Judge, dissenting:

I respectfully disagree with the views of the majority.

There is no factual dispute in this case. Jensen concedes that he has a prior history of alcohol abuse.[1] The NTSB's refusal to grant him a medical certificate rests implicitly on its interpretation of the disqualifying regulations as requiring mandatory denial of such a certificate once the fact of prior alcohol abuse has been established. An agency's interpretation of its own regulations is a matter peculiarly within its discretion and, if challenged, is reviewable only under the arbitrary and capricious standard. But Jensen does not challenge the agency's interpretation of the regulations; instead, he challenges their validity. Thus, the NTSB's decision rests also on its determination that the regulations are valid. Because the NTSB has no jurisdiction to make such a determination, see *Watson v. NTSB*, 513 F.2d 1081, 1082 (9th Cir. 1975), however, I view that part of its decision as mere surplusage and review the issue de novo.[2]

42 U.S.C. § 4561(c)(1) applies by its terms to all "persons," and to all federal licenses, including pilot certificates.[3] It is not clear that an FAA medical certificate can be equated to a federal license. However, because a pilot certificate can be denied for failure to have a medical certificate, which, in turn, can be denied for prior alcohol abuse, I address the issue whether the FAA Administrator's denial of a medical certificate for prior alcohol abuse violates the statute.[4] I would hold that it does not.

Although it is the only reason articulated in the disqualifying regulations, prior alcohol abuse is not the "sole" reason for denial of a medical certificate pursuant to those regulations. Important considerations of public safety and the uncertainty of state-

1. Jensen has abandoned the claim, raised in his initial petition to the NTSB, that his prior use of alcohol does not amount to "abuse" as defined in 14 CFR §§ 67.15, 67.17 (1980).

2. My review is not precluded by the apparent jurisdictional and statute of limitations bars of *Watson*, because Jensen's challenge to the disqualifying regulations is brought in conjunction with a properly appealed adjudicative order based on the regulations. *Greve v. CAB*, 378 F.2d 651, 656 (9th Cir. 1967); *see Deutsche Lufthansa Aktiengesellschaft v. CAB*, 479 F.2d 912, 915 ·16 (D.C.Cir.1973).

3. I note that in making its determinations both in this case and in a prior decision, *Petition of Moss*, Order No. EA–664 (March 1975), the NTSB concluded that the disqualifying regulations were not affected by the Alcoholism Act because the Act was intended by Congress to be applicable solely to federal civilian employees. This conclusion involved a misapplication of the "plain meaning" rule of statutory construction.

The NTSB drew support for its conclusion from the titles to the relevant portions of the Alcoholism Act—42 U.S.C. § 4561 is entitled "Programs for federal civilian employees," and subsection (c) thereof is entitled "Prior alcohol abuse no bar to federal employment; exceptions." It has been held, however, that "[u]nless there is some genuine confusion in the terms of an act, courts will not look to the [act's] title." *United States v. Union Oil Co.*, 343 F.2d 29, 32 (9th Cir. 1965); *see Strathearn Steamship Co. v. Dillon*, 252 U.S. 348, 354, 40 S.Ct. 350, 351, 64 L.Ed. 607 (1920).

Here the language is clear without resort to the titles of the relevant provisions or any other extrinsic aids. I would interpret the titles as being descriptive of the general subject matter of the provisions, and not as restricting the plain meaning of the provisions. Furthermore, the legislative history suggests that Congress did intend to include all federal licenses and rights within the statute's reach. *See* H.R.Rep. No.1663, 91st Cong., 2d Sess., *reprinted in* [1970] U.S.Code Cong. & Ad.News 5719.

4. This appears to be an issue of first impression. *Florey v. Air Line Pilots Ass'n Int'l*, 575 F.2d 673 (8th Cir. 1978), the only case to date to consider the Alcoholism Act, held only that the Act conferred no private right of action against a private party. *Id.* at 676.

of-the-art medical knowledge also underlie the denial of medical certificates to those with a prior history of alcohol abuse.[5] In fact, I find that it is these other considerations, rather than the fact of prior alcoholism *per se,* that constitute the primary reasons for disqualification.

This conclusion is supported by dicta in decisions of other circuits. In *Coppenbarger v. FAA*, 558 F.2d 836 (7th Cir. 1977), a panel of the Seventh Circuit stated that "[t]he Administrator could take the position that some illnesses are so disabling to a pilot that once an applicant manifests evidence of those illnesses public safety requires that he never be permitted to fly a commercial plane again." *Id.* at 840. The same interpretation of the disqualifying regulations was, I believe, implied by the Eighth Circuit in *Florey v. Air Line Pilots Association International*, 575 F.2d 673 (8th Cir. 1978): "We reject [appellant's] argument that alcoholism is an impermissible basis upon which to discriminate. Conversely, we agree with the conclusion of the FAA that alcoholism is incompatible with piloting commercial aircraft." *Id.* at 676 n.3.[6]

42 U.S.C. § 4561(c)(2) provides for an exemption from the provisions of the Act for "positions" that are determined to be "sensitive."[7] *See also Dothard v. Rawlinson*, 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977) ("bona fide occupational qualification" exemption of 42 U.S.C. § 2000e–2(d)). I believe that the considerations that underlie the disqualifying regulations would support a determination that the "position" of pilot of a commercial aircraft is "sensitive" within the meaning of subsection (c)(2). Therefore, I would hold that

the disqualifying regulations are not inconsistent with the congressional policy embodied in the Act. Accordingly, I conclude that the decision of the Board that petitioner does not qualify for a medical certificate should be affirmed.

---

**5.** The history of the regulations reveals that they are based on "the medical fact that [alcoholism cannot] be so precisely studied in the individual as to provide assurance that [it] will not interfere with the safe piloting of aircraft," and on the conclusion that

the likelihood of occurrence of partially or totally incapacitating states directly attributable to [alcoholism] is so great, and the ability to provide acceptable medical assurance of non-occurrence of [alcoholism] in any given individual is so inadequate, that [alcoholism]

existing in airmen constitute[s] a definite hazard to safety in flight.

*Doe v. FAA*, 412 F.2d 674, 676 (8th Cir. 1969) (quoting recommendations of the Flight Safety Foundation).

**6.** I attribute considerable significance to the fact that the *Florey* panel also considered the Alcoholism Act, albeit in a somewhat different context. See note 4 *supra.*

**7.** This is in addition to an exemption for purposes of "national security."