Oscar V. JOHNSON, Petitioner-Appellant,

v.

NATIONAL TRANSPORTATION SAFETY BOARD, FEDERAL AVIATION ADMINISTRATION, Respondent-Appellee.

No. CA 82–7400.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 1983.

Decided May 31, 1983.

Charles S. Tauman, Willner, Bennett, Bobbitt & Hartman, Portland, Or., for petitioner-appellant.

Darlene M. Freeman, Peter J. Lynch, Federal Aviation Admin., Washington, D.C., for respondent-appellee.

Before CHOY and CANBY, Circuit Judges and MARQUEZ *, District Judge.

CANBY, Circuit Judge:

Johnson petitions for review of a decision of the National Transportation Safety Board denying his application for a Second Class Airman Medical Certificate. The Board denied the certificate on the ground that Johnson had a history or diagnosis of alcoholism. 14 C.F.R. § 67.15 (1982) (superseded, 47 Fed.Reg. 16,308–09 (Apr. 15, 1982)). We affirm the decision of the Board.

■ The Board did not err in placing upon Johnson the burden of proving his entitlement to the medical certificate. *See Dodson v. NTSB,* 644 F.2d 647, 650 (7th Cir.1981). We find nothing in the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act of 1970 (Alcoholism Act) 42 U.S.C. § 4561, that alters this traditional allocation of the burden of proof. Nor is the burden shifted because Johnson was applying for a certificate to replace his previously held certificate that had expired.

■ The Board did not err in its definition of alcoholism or in its application of that definition. The Board employed the definition appearing in 14 C.F.R. § 67.-15(d)(1)(i)(c):

> As used in this section, "alcoholism" means a condition in which a person's intake of alcohol is great enough to damage his physical health or personal or social functioning, or when alcohol has become a prerequisite to his normal functioning.

This definition does not exceed the statutory mandate of the FAA to determine whether an airman "is physically able to perform the duties pertaining to the position for which the airman certificate is sought...." 49 U.S.C. § 1422(b) (1966). The Board's finding that a loss of control over alcohol intake fell within the regulatory definition of alcoholism was neither plainly erroneous nor inconsistent with the regulation, and therefore merits our deference. *See United States v. Larionoff,* 431 U.S. 864, 872, 97 S.Ct. 2150, 2155–56, 53 L.Ed.2d 48 (1977) (quoting *Bowles v. Seminole Rack Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945).

■ While the evidence was conflicting, there was substantial evidence on the record as a whole to support the Board's finding of past alcoholism. That evidence included medical opinion, evidence concerning Johnson's condition and diagnosis at the time of admission for treatment, and evidence of the amount of alcoholic intake

---

* The Honorable Alfredo Marquez, United States District Judge for the District of Arizona, sitting by designation.

prior to treatment. That evidence being substantial, we must affirm the Board's finding. 49 U.S.C. § 1486(a).

The regulations under which Johnson's certificate was denied were invalidated in part by this court in *Jensen v. Administrator of the FAA,* 641 F.2d 797 (9th Cir.1981). There we held that insofar as the regulations automatically disqualified a person with a history of alcoholism, they conflicted with the Alcoholism Act, 42 U.S.C. § 4561(c)(1), which provides:

> No person may be denied or deprived of Federal civilian or other employment or a Federal professional or other license or right solely on the grounds of prior alcohol abuse or prior alcoholism.

The FAA thereupon revised the regulations to provide for certification, under the regulations, of alcoholics who have recovered and sustained total abstinence for not less than two years. 47 Fed.Reg. 163008 (Apr. 15, 1982) (amending 14 C.F.R. § 67.-15(d)(1)(i)(c)). This court then, upon motion for rehearing, declared the *Jensen* case moot and vacated its prior opinion. *Jensen v. Administrator of the FAA,* 680 F.2d 593 (9th Cir.1982).

Unlike *Jensen,* this case is not moot. Jensen sought only to invalidate the regulation that automatically disqualified him, and his case became moot when that automatic disqualification was withdrawn by revision. In the present case, however, petitioner Johnson attacks the definition of alcoholism and its application to him. That definition has not been modified in the new regulations. 47 Fed.Reg. 16308 (Apr. 16, 1982) (amending 14 C.F.R. § 67.-15(d)(1)(i)(c)). Nothing in our decision, however, prevents Johnson from applying for a certificate under the revised regulations and showing that he qualifies as a recovered alcoholic. *Id.*

AFFIRMED.