Daniel GRAY, Petitioner,

v.

FEDERAL AVIATION ADMINISTRATION and Langhorne M. Bond, Administrator, Federal Aviation Administration, Respondents.

No. 77–1851.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 29, 1978.

Decided March 21, 1979.

**794**

Raymond C. Fay, Washington, D. C. (with Michael H. Bader, Washington, D. C., on brief) of Haley, Bader & Potts, Washington, D. C., for petitioner.

Michael F. Hertz, Civil Division, Appellate Section, Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Leonard Schaitman, Judith S. Feigin, Civil Division, Appellate Section, Dept. of Justice, and Marshall S. Filler, Federal Aviation Administration, Washington, D. C., on brief), for respondents.

Before McWILLIAMS, McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

Daniel Gray, a former pilot for Continental Airlines, was retired upon reaching sixty years of age under authority of the "Age 60 Rule"[1] of the Federal Aviation Administration (FAA). Prior to his retirement, Gray had petitioned for an exemption from the Age 60 Rule, contending that his physical condition justified his continued active status with Continental beyond the age limit. The FAA denied Gray's petition. It also denied a motion to disqualify the Federal Air Surgeon from participating in the exemption decision. Gray appeals.

Gray contends on appeal that the FAA abused its discretion in denying the exemption petition and the disqualification motion. He takes the position that medical art is presently able to determine whether an individual pilot over the age of 60 is capable of continued safe performance in flight. He asserts that FAA representatives took essentially this same view in the trial court proceedings of *Houghton v. McDonnell Douglas Corp.*, 413 F.Supp. 1230 (E.D.Mo. 1976), *rev'd*, 553 F.2d 561 (8th Cir.), *cert. denied*, 434 U.S. 966, 98 S.Ct. 506, 54 L.Ed.2d 451 (1977),[2] and contends that the *Houghton* testimony established the standards for proving a "functional age" equivalent to chronological age. Gray refers to his own medical records as qualifying him for continued service under those same medical standards. Regarding the disqualification order, Gray asserts that Dr. H. L.

---

1. 14 C.F.R. § 121.383(c) (1978). This rule was promulgated to safeguard the public from the risks of diminished ability and sudden incapacitation in pilots. 24 Fed.Reg. 9767 (1959).

2. According to Gray, the testimony in the *Houghton* trial showed that FAA medical experts accepted the idea of functional equivalency to chronological age. Gray also contends that this testimony established the standards for functional equivalency that he himself meets. The *Houghton* testimony featured reliance on longitudinal medical histories and electrocardiogram testing. Gray notes that the Eighth Circuit Court in *Houghton* said that "medical technology can predict a disabling physical condition in a test pilot with virtually foolproof accuracy." 553 F.2d at 564. This language, however, was ultimately deleted from the opinion. *Houghton v. McDonnell Douglas Corp.*, No. 76–1652 (8th Cir., June 1, 1977) (unpublished order revising the opinion).

Reighard, the Federal Air Surgeon, has demonstrated bias against exempting pilots from the Age 60 Rule.

The FAA admittedly denies all exemptions from the Age 60 Rule. The Agency believes that medical art cannot presently establish a functional age equivalent to its Age 60 Rule and that its no exemption policy is needed to ensure public safety. The FAA also contends that the denial of an Age 60 exemption is committed to agency discretion by law and is unreviewable in any event. With respect to the disqualification motion, the FAA points out that the exemption petition was reviewed by the Flight Standards Service, not the Federal Air Surgeon.

Subsequent to the oral argument in this case, two other circuits upheld the FAA's position in the face of precisely the same arguments asserted here by Gray. *Rombough v. FAA,* 594 F.2d 893 (2d Cir. 1979); *Starr v. FAA,* 589 F.2d 307 (7th Cir. 1978). Each of these cases featured an appeal from an FAA order denying a petition for exemption from the Age 60 Rule and declining to disqualify the Federal Air Surgeon from participating in the exemption review.

▪ We believe our sister circuits have correctly analyzed the issues, and we agree with their conclusions. We share the view that FAA orders denying petitions for exemption from the Age 60 Rule are reviewable. We hold that there was no abuse of discretion in the denial of Gray's petition. In addition, we find no error in the agency's refusal to disqualify the Federal Air Surgeon.

▪▪ We do not suggest that the FAA could not, at some future time, be capable of abusing its discretion by adhering to its policy of nonexemption from the Age 60 Rule. At some point, the state of the medical art may become so compellingly supportive of a capacity to determine functional age equivalents in individual cases that it would be an abuse of discretion not to grant an exemption. It is apparent to us, however, that present medical opinion is far from unanimous on the question.[3] In light of this and the FAA's statutory injunction to preserve air passenger safety, we decline to find an abuse of discretion in the case before us.

---

**3.** The record includes a survey of literature entitled "Psychophysiological Effects of Aging: Developing a Functional Age Index for Pilots: I. A Survey of the Pertinent Literature." This survey, prepared by the FAA, concludes that "[t]here is no 'psychophysiologic age index' available that can be reliably applied for determining the performance of airline pilots." *Id.* at 21.

Both parties have attempted to supplement the record with additional medical information. We have not considered these submissions. Our task has been to review the Agency Order of October 5, 1977. To the extent that medical authorities were relevant to the exemption deliberations, they should have been included in the original record. Medical authorities appearing subsequent to the Agency's decision are not relevant to evaluating its decision from an abuse of discretion standpoint.