Maurice KEATING, Jr., Petitioner,

v.

FEDERAL AVIATION ADMINISTRA-
TION and Langhorne M. Bond, Admin-
istrator, Federal Aviation Administra-
tion, Respondents.

No. 77–3457.

United States Court of Appeals,
Ninth Circuit.

Nov. 15, 1979.

Rehearing Denied Jan. 16, 1980.

Raymond C. Fay, Chicago, Ill., argued for petitioner; Michael H. Bader, Washington, D. C., on brief.

Leonard Schaitman, Michael F. Hertz, Dept. of Justice, Washington, D. C., for respondents.

Before WRIGHT and ANDERSON, Circuit Judges, and SOLOMON, Senior District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

Before his sixtieth birthday, Captain Keating was a pilot for Western Airlines. Thereafter, he was ineligible to be a pilot on passenger airlines under the "Age 60 Rule," 14 C.F.R. § 121.383(c) (1979). He appeals the denial of his petition for an exemption from the regulation and the denial of his motion to disqualify the Federal Air Surgeon from considering the exemption petition.

We need not reexamine the validity of the Age 60 Rule nor determine whether Keating is a safe pilot. We need decide only whether the Federal Aviation Administration (FAA) was arbitrary and capricious in reaching its decisions to deny the petition and the motion. We hold it was not and affirm both decisions.

* Of the District of Oregon.

1. Whether the decision is construed as a denial of Keating's petition for exemption or as a

## I.

### REVIEWABILITY

The FAA argues that the decision denying the exemption is within the discretion of the agency and therefore is excluded from judicial review under 5 U.S.C. § 701(a)(2). This argument has been rejected in other circuits. *See Rombough v. FAA,* 594 F.2d 893, 895 (2d Cir. 1979); *Gray v. FAA,* 594 F.2d 793, 795 (10th Cir. 1979); *Starr v. FAA,* 589 F.2d 307, 310 (7th Cir. 1978). We agree with those courts that the exception to reviewability is too narrow to preclude review of the decision to deny an exemption to the Age 60 Rule. *See Rombough,* 594 F.2d at 895.

Judicial review is precluded only in rare instances when statutes are drawn so broadly that, in a given case, there is no law to apply. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *City of Santa Clara v. Andrus,* 572 F.2d 660, 666 (9th Cir.), *cert. denied,* 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978).

49 U.S.C. § 1421(c) provides that the administrator "may grant exemptions . . if he finds that such action would be in the public interest." We hold that the "public interest" standard provides law to be applied by the administrator sufficient to permit judicial review.

No adjudicative hearing was held on Keating's petition and so we must review this case under the arbitrary and capricious standard.[1] *See Tiger International, Inc. v. CAB,* 554 F.2d 926, 936 (9th Cir.), *cert. denied,* 434 U.S. 975, 98 S.Ct. 532, 54 L.Ed.2d 467 (1977); *Island Airlines, Inc. v. CAB,* 363 F.2d 120 (9th Cir. 1966); *accord Rombough,* 594 F.2d at 895–96; *Gray,* 594 F.2d at 795; and *Starr,* 589 F.2d at 310.

refusal to grant any exemption, the same considerations apply, and this court may review the decision under an abuse of discretion standard.

## II.

### KEATING'S ARGUMENTS

Keating contends that the FAA's action was arbitrary and capricious because the Administration: (1) failed to explain adequately the reason for the denial; (2) relied on the rationale for the Age 60 Rule to refuse to grant any exemptions from the Rule; and (3) denied Keating's petition when he allegedly meets the requirement of 14 C.F.R. § 11.25(b)(5) that the grant of an exemption be in the public interest, that it not adversely affect safety, and that it provide a level of safety equal to that provided by the Rule.

All arguments made by Keating have been rejected by other circuits. *See Rombough,* 594 F.2d 893; *Gray,* 594 F.2d 793; and *Starr,* 589 F.2d 307. The Second and Seventh Circuits have correctly analyzed the issues, and we join the Tenth Circuit in accepting their conclusions.

Keating presented extensive documentary support for his contention that he could continue to pilot an aircraft safely without the risk of sudden incapacitation in flight. The medical evidence emphasized: (1) a consistent medical history, including a record of EKGs; (2) a series of current medical tests, including a cardiovascular examination and maximum stress electrocardiogram testing; and (3) the absence of relevant risk factors. Physicians concluded that Keating was in excellent health and that "the possibility of a cardiovascular event in the near or immediate future is so remote as to be nil." (CT 134).

Keating asserts that in *Houghton v. McDonnell Douglas,* 413 F.Supp. 1230 (E.D. Mo.1976), *rev'd,* 553 F.2d 561 (8th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 506, 54 L.Ed.2d 451 (1977), FAA medical experts established that these medical tests can determine functional age apart from chronological age. He argues that his functional age demonstrates such a remote possibility of sudden in-flight incapacitation because of a cardiovascular event that he qualifies for an exemption. The same claim was made by the petitioners in *Rombough, Gray,* and *Starr.*

*Houghton* does not support Keating's assertion. The *Houghton* court did not adopt a functional age standard. It only found that the defendant employer had failed to present evidence either establishing age as a bona fide occupational qualification or showing that Houghton, at age 52, "was not capable of performing test pilot functions." 553 F.2d at 564.

Contrary to Keating's contention, the FAA considered the relevant facts in ruling on his petition and adequately stated the reasons for denying his request. The FAA stated not only that the tests proposed by Keating were incomplete and inaccurate but also that they fell short of the state of the art for determining the presence or absence of degenerative diseases. The FAA specifically noted the absence of angiographic studies and tests of psychophysiological functions that deteriorate with age.

We are not experts in aerospace medicine, and even experts in that field disagree on whether functional age can be determined accurately, and what tests are required to determine it. It is unclear whether currently available medical tests are sufficient to determine functional age. The FAA specifically mentioned two types of tests, the results of which Keating did not offer in evidence. We defer to the expertise of the agency on the issue of the need for these tests.

We conclude that the medical tests proposed by Keating are not sufficiently reliable to compel his employment in a position of great stress and responsibility where sudden incapacitation could jeopardize many lives. *See Rombough,* 594 F.2d at 899; *Gray,* 594 F.2d at 795; *Starr,* 589 F.2d at 314; *see also Usery v. Tamiami Trail Tours, Inc.,* 531 F.2d 224 (5th Cir. 1974). *Hodgson v. Greyhound Lines, Inc.,* 499 F.2d 859 (7th Cir. 1974), *cert. denied,* 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 822 (1975). The FAA was not arbitrary and capricious in denying Keating's petition.

## III.

### CLAIM OF PREJUDICE

Keating also contends that the Federal Air Surgeon, Dr. H. L. Reighard,

should have been disqualified from considering Keating's exemption petition because he was opposed to granting any exemption to the Age 60 Rule.

As the FAA points out, its decision was signed by R. P. Skully, not Dr. Reighard. Dr. Reighard had not stated that he was unalterably opposed to exemptions to the Age 60 Rule and observed only that a petitioner faced a heavy burden of proof.

Members of a regulatory agency need not be disqualified for forming views about general principles of law and policy that might influence decisions in later cases. *FTC v. Cement Institute,* 333 U.S. 683, 700–03, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); *accord Rombough,* 594 F.2d at 900; *Starr,* 589 F.2d at 315. Keating submitted no evidence to establish that Dr. Reighard had prejudged Keating's case. He showed only that the doctor was opposed generally to granting exemptions. This does not necessitate Dr. Reighard's disqualification.

The decision of the FAA is affirmed.