**Clark B. GATHERCOLE, Plaintiff,**

v.

**GLOBAL ASSOCIATES, International Atlas Service, Atlas Corporation, H. C. Smith Construction Company, James J. Morena, D. D. McAfee, and Does I through XX, inclusive, Defendants.**

No. C–81–2976 SAW.

United States District Court,
N. D. California.

Sept. 1, 1982.

Smith Construction Co. is now known and doing business as Owl Constructors. International Atlas Services is a wholly-owned division of defendant Atlas Corporation. Defendant James J. Morena is Vice President-Operations for the defendant Global Associates, and defendant D. D. McAfee was at the time of plaintiff's discharge Resident Manager for defendant Global Associates on Kwajalein Atoll, Marshall Islands.

On August 5, 1979, when plaintiff reached the age of sixty, he was discharged as an aircraft pilot by Global on the basis of his age. He alleges that defendants violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Defendants now move to dismiss, or in the alternative, for summary judgment. Plaintiff moves to continue the trial date.

Because defendants support their motion with sworn affidavits, their motion to dismiss must be treated as a motion for summary judgment. Fed.R.Civ.P. 12. The Court finds that material issues of fact remain in dispute, and consequently that defendants' motion for summary judgment must be denied. The Court also finds that a limited continuance of the trial date and pre-trial conference is warranted.

*Defendants' Motion for Summary Judgment*

■ Defendants concede that plaintiff was dismissed on the basis of his age. This admission is sufficient to establish a prima facie violation of the ADEA. 29 U.S.C. § 623(a). *See Houghton v. McDonnell Douglas Corp.,* 553 F.2d 561, 564 (8th Cir.), *cert. denied,* 434 U.S. 966, 98 S.Ct. 506, 54 L.Ed.2d 451 (1977); *Criswell v. Western Air Lines,* 514 F.Supp. 384, 388 (C.D.Cal.1981). Defendants offer two defenses to plaintiff's claim of age discrimination. Defendants first contend that mandatory retirement for pilots at age 60, commonly known as the "Age 60 Rule," is a bona fide occupational qualification (BFOQ) defense under Section 4(f) of the ADEA, 29 U.S.C. § 623(f). Second, defendants assert a good faith defense based upon Section 7(e) of the ADEA, 29 U.S.C. § 626(e).

Kim Malcheski, Donaldson, Malcheski & Parker, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, Alson R. Kemp, Jr., Virginia S. George, William G. Alberti, San Francisco, Cal., for defendants.

## ORDER

WEIGEL, District Judge.

Plaintiff, prior to discharge, was employed by defendant Global Associates (Global) as a co-pilot and then as a pilot of aircraft from approximately 1964 to 1979. That defendant is a joint venture between defendants International Atlas Services and H. C. Smith Construction Company. Global provides air transportation, by contract with the Army, for the Kwajalein Missile Range on the Marshall Islands. H. C.

■ Defendants fail to demonstrate that they are entitled to a BFOQ defense as a matter of law. Because the Age 60 Rule is incorporated into defendants' employment contract with the Army, defendants argue that adherence to the Rule is necessary to their business and hence the Rule is a BFOQ for their pilots. Defendants assert that Global cannot successfully bid for government contracts unless it accepts the Army's decision to incorporate the Age 60 Rule as a term in its contracts for flight operations. A BFOQ defense, however, must relate to the actual ability of the employee to perform his or her assigned job. The convenience or economic advantage of the employer cannot be the basis for a BFOQ. *See, e.g., Smallwood v. United Air Lines,* 661 F.2d 303, 307 (4th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982). Otherwise, discrimination of any type could be legitimated where it is economically profitable to discriminate. Nor will Global be placed at a competitive disadvantage in relation to its competitors if adoption of the Age 60 Rule by private government contractors is found to violate the ADEA, since all such contractors must conform to the Act's prohibition on unlawful age discrimination.

■ Defendants assert a second ground for their contention that the Age 60 Rule is a BFOQ for their pilots. The validity of the Age 60 Rule as a BFOQ is not open to challenge, defendants suggest, because the Rule has been approved as a legitimate BFOQ by the Department of Labor and numerous federal courts. The Department of Labor has issued regulations interpreting the ADEA which state:

> The following are illustrations of possible bona fide occupational qualifications
>
> (d) Federal statutory and regulatory requirements which provide compulsory age limitations for hiring or compulsory retirement, without reference to the individual's actual physical condition at the terminal age, when such conditions are clearly imposed for the safety and convenience of the public. This exception would apply, for example, to air-

line pilots within the jurisdiction of the Federal Aviation Agency. Federal Aviation Agency regulations do not permit airline pilots to engage in carrier operations, as pilots, after they reach age 60.

29 C.F.R. § 860.102 (1981). This validation of the Age 60 Rule is limited to pilots within the jurisdiction of the FAA. Global's flight operations are not governed by 14 C.F.R. Part 121, which applies only to commercial air carriers. Global utilized aircraft owned exclusively by the Army. Such aircraft are "public" rather than commercial aircraft. *See* 49 U.S.C. § 1301(32). The FAA has not imposed the Age 60 Rule on air transportation not regulated under 14 C.F.R. Part 121. *See Tuohy v. Ford Motor Co.,* 675 F.2d 842, 843 (6th Cir. 1982) (Ford's private corporate flights not governed by Age 60 Rule).

Defendants also contend that the federal courts have "unanimously" upheld the validity of the Age 60 Rule, and that consequently the Rule is a legitimate BFOQ for pilots as a matter of law. However, the cases defendants cite involve review of administrative action under the "arbitrary and capricious" standard. *See Keating v. Federal Aviation Administration,* 610 F.2d 611, 612 (9th Cir. 1979); *Rombough v. Federal Aviation Administration,* 594 F.2d 893, 896–97 (2d Cir. 1979); *Gray v. Federal Aviation Administration,* 594 F.2d 793, 795 (10th Cir. 1979) ("abuse of discretion" standard); *Starr v. Federal Aviation Administration,* 589 F.2d 307, 310 (7th Cir. 1978) (same). None of these cases involved charges of discrimination under the ADEA. Judicial review under the "arbitrary and capricious" standard is very limited, and stands in sharp contrast to the heavy burden defendants face, once a prima facie violation of the ADEA is established, in proving a BFOQ defense.

Moreover, federal courts have not unanimously upheld the validity of the Age 60 Rule. In *Tuohy, supra,* the defendant adopted the Age 60 Rule voluntarily as corporate policy, and discharged the plaintiff from his duties as a pilot when he

reached the age of 60. The district court granted defendant's motion for summary judgment on the ground that the FAA's application of the Age 60 Rule to commercial aviation rendered Ford's adoption of the same rule "reasonable" and hence a legitimate BFOQ. The court of appeals reversed, finding that material issues of fact remained concerning whether Ford's adoption of the Rule was "reasonably necessary." The court of appeals ordered a trial to determine whether safety considerations render an Age 60 Rule necessary, and whether medical science can predict on an individual basis the likelihood that a pilot over the age of 60 will be incapacitated during flight. In a number of other cases, federal courts have refused to find age to be a BFOQ for pilots and similar flight personnel. *See Smallwood, supra,* (reversing trial court finding that being under 35 years of age is BFOQ for pilots); *Houghton, supra* (reversing finding that age is BFOQ for test pilots); *Criswell, supra* (upholding jury finding that Age 60 Rule is not BFOQ for flight engineers).

■ Defendants offer as a second defense their good faith reliance on a Department of Labor regulation validating the Age 60 Rule. Defendants seek to invoke Section 7(e) of the ADEA, 29 U.S.C. § 626(e), which incorporates Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259. Section 10 provides in pertinent part:

> No employer shall be subject to any liability or punishment * * * if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of [an] agency of the United States.

29 U.S.C. § 259.

This defense is not available to defendants. The regulations issued by the Department of Labor interpreting Section 10 state that:

> The "good faith" defense is not available to an employer unless the acts or omissions complained of were "in conformity with" the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy upon which he relied. This is true even though the employer erroneously believes he conformed with it and in good faith relied upon it; actual conformity is necessary.

29 C.F.R. § 790.14(a) (1981). The Department of Labor validated the Age 60 Rule as a BFOQ only for commercial pilots subject to the jurisdiction of the FAA. *See* 29 C.F.R. § 860.102. Section 860.102 does not address the appropriate retirement age for pilots of "public" aircraft. Thus, defendants did not act "in conformity with" Section 860.102 when they discharged plaintiff. The Department of Labor regulations interpreting Section 10 of the Portal-to-Portal Act confirm this construction of the phrase "in conformity with." They state by illustration that an employer has no good faith defense where he relies on a regulation that in fact does not apply to the employee in question. *See* 29 C.F.R. § 790.14(c) (1981).

■ Consequently, defendants are not entitled as a matter of law to either a BFOQ defense or a good faith defense to plaintiff's charge of age discrimination. Material issues of fact remain concerning whether the Age 60 Rule was "reasonably necessary" for defendant Global Associates' pilots. *See Tuohy, supra.*

*Plaintiff's Motion to Continue the Trial Date*

Plaintiff moves to continue the trial date for three months. The Court finds that a limited continuance is warranted.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for summary judgment is denied.

IT IS FURTHER HEREBY ORDERED that plaintiff's motion for a continuance of the trial date is granted, that trial is continued until October 12, 1982, and that the pre-trial conference is continued until September 24, 1982. All other provisions of the order of January 15, 1982, remain unchanged.