705 F.2d 343
 William M. HOLMES, Petitioner,
v.
J. Lynn HELMS, Administrator, Federal Aviation
Administration, Respondent.
Jack L. LENHARDT, Petitioner,
v.
J. Lynn HELMS, Administrator, Federal Aviation
Administration, Respondent.
 Nos. 81-7578, 81-7740.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 7, 1983.
Decided May 3, 1983.
 
 Darlene M. Freeman, F.A.A., Washington, D.C., Laury Hennings, Portland, Or., for respondent.
 Diane Murley, Hamilton & Hill, P.C., Denver, Colo., for petitioner.
 Petition for Review of Order of the Federal Aviation Administration.
 Before FERGUSON, BOOCHEVER and NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Holmes and Jack Lenhardt petition for review of Federal Aviation Administration (FAA) orders denying their petitions for exemption from certain FAA medical standards. We affirm.
 
 FACTS:
 
 2
 Federal Aviation Regulations require the pilot of an airplane to have both a pilot certificate and a medical certificate. 14 C.F.R. Sec. 61.3(a), (c). The FAA medical certification procedure is discussed in detail in Delta Airlines, Inc. v. United States, 490 F.Supp. 907 (N.D.Ga.1980), and is not challenged in this case. The FAA determined, in separate proceedings, that each petitioner had failed to satisfy certain required medical standards.
 
 
 3
 Holmes and Lenhardt then petitioned the FAA for exemption from the regulations under which each had been disqualified. Under 49 U.S.C. Sec. 1421(c), the Administrator has discretionary authority to grant exemptions from the requirements of FAA regulations "if he finds such action would be in the public interest."
 
 
 4
 Petitioners contend that: (1) the FAA standards for granting or denying petitions for exemptions do not satisfy due process because they do not provide sufficient guidance to a reviewing court or to a person applying for an exemption; and (2) the FAA violated its enabling statute in denying these exemptions because in each case it failed to set forth findings of fact. In addition Holmes contends that the denial of exemption was arbitrary and capricious.
 
 DISCUSSION:
 I. Due Process
 
 5
 Due process analysis requires a two-step procedure. First, we must decide whether the interest asserted rises to the level of "liberty" or "property" protected by the Fifth and Fourteenth Amendments. If it does, we must then determine what process is due. See Morrissey v. Brewer, 408 U.S. 471, 480-81, 92 S.Ct. 2593, 2599-2600, 33 L.Ed.2d 484 (1972). For the purposes of this analysis we assume, without deciding, that the interest of each petitioner in a medical certificate is "property" the deprivation of which requires due process safeguards. See Coppenbarger v. FAA, 558 F.2d 836, 839 (7th Cir.1977); Graham v. NTSB, 530 F.2d 317, 320 (8th Cir.1976).
 
 
 6
 Under 49 U.S.C. Sec. 1421(c), the Administrator "from time to time may grant exemptions from the requirements of any rule or regulations ... if he finds that such action would be in the public interest." Petitioners assert that FAA regulations codified at 14 C.F.R. Secs. 11.27(e), 11.27(g) are the only regulations interpreting the public interest standard, and that they merely repeat the language of the statute. Thus, they contend that the FAA has not articulated standards that give sufficient guidance to a court reviewing a denial of an exemption or to an airman applying for an exemption.
 
 
 7
 Although the regulations set forth at 14 C.F.R. Secs. 11.27(e), 11.27(g) do not add to the statutory language, 14 C.F.R. Sec. 11.25(b)(5) does elaborate or interpret the statutory public interest standard by stating that a petition for an exemption should set forth
 
 
 8
 why granting the request would be in the public interest and ... the reason why the exemption would not adversely affect safety or the action to be taken by the petitioner to provide a level of safety equal to that provided by the rule from which the exemption is sought.
 
 
 9
 This regulation adequately defines the "public interest" because the FAA's decision whether to grant an exemption is by definition affected by the regulation from which the applicant seeks to be exempted. Here Holmes and Lenhardt were denied medical certificates because they failed to meet the medical requirements set forth in 14 C.F.R. Secs. 67.17(e)1(ii), 67.17(f)(2). In addition, this court has held that the FAA regulations are not for the guidance of airmen but for the guidance of medical experts seeking to determine whether the pilot can operate safely. See Greve v. CAB, 378 F.2d 651, 656 (9th Cir.1967); accord, Dodson v. NTSB, 644 F.2d 647, 651 (7th Cir.1981).
 
 
 10
 We have requested and received additional briefing on the issue of whether, under the circumstances of these cases, safety is a reasonable interpretation of the "public interest." We are aware that the Tenth Circuit, in an opinion that has not been selected for publication,[1] has determined that a "petitioner must demonstrate a positive benefit to the public by an exemption and not simply show that his flying would not be a public danger." Bosso v. Weithoner, Nos. 81-1311, 81-1348 (10th Cir. Dec. 20, 1982). We decline to follow this analysis, however, relying on the structure and legislative history of the Federal Aviation Act of 1958. The basic mandate in the Act is "to promote safety of flight of civil aircraft." 49 U.S.C. Sec. 1421(a). In prescribing rules, the Act requires the Administrator to consider "the duty resting upon air carriers to perform their services with the highest possible degree of safety in the public interest." 49 U.S.C. Sec. 1421(b). In addition, he is required to perform his duties under the Act "in such manner as will best tend to reduce or eliminate the possibility of, or recurrence of, accidents in air transportation ...." 49 U.S.C. Sec. 1421(b). In light of this statutory structure, we find that under the circumstances "public interest" is synonymous with public safety.
 
 II. Findings of Fact
 
 11
 Petitioners contend that even if the FAA standards comply with due process, the FAA's denial of their request for exemption is invalid because it failed to set forth findings of fact, in violation of 49 U.S.C. Sec. 1485(f) ("Every order of the Administrator shall set forth the findings of fact upon which it is based ....") and 49 U.S.C. Sec. 1486(e) ("The findings of fact by the Board or Administrator, if supported by substantial evidence, shall be conclusive.").
 
 
 12
 The FAA has satisfied this obligation in the instant cases. It specifically addressed the facts of each particular case. The form used by the Federal Air Surgeon[2] gives standard reasons for rejecting a petition for exemption. Attached to the form, however, is a copy of the recommendations to the Federal Air Surgeon from the specialists that assist him in making the decision. This report details the medical findings that serve as a basis for the Federal Air Surgeon's decision. The Federal Air Surgeon's reliance on specialists is not an impermissible delegation of his duty to determine whether an exemption should be granted. See Coppenbarger v. FAA, 558 F.2d at 840 (Administrator is entitled to use consultants to prepare a working paper containing a recommendation on the issue of an exemption). The Federal Air Surgeon states, albeit in a form, that he has reviewed the petitioners' medical files in their entirety and on that basis finds that they cannot safely perform their duties; thus a grant of exemption would not be in the public interest.
 
 
 13
 Petitioners rely on Delta Airlines, Inc. v. United States, 490 F.Supp. 907 (N.D.Ga.1980), to support their contention that the FAA has not sufficiently explained its denial of their request for an exemption. Delta Airlines is unpersuasive for two reasons. First, in finding that the FAA had improperly granted exemptions, the court stated that "the grants of exemption routinely recite that they are 'in the public interest' with no supporting facts whatsoever for that determination." Id. at 916 (emphasis added). As pointed out above, the FAA here incorporated numerous facts by reference to the specialists' working paper in support of the denial. Second, and perhaps more fundamentally, the court in Delta Airlines was animated by what it perceived to be a dangerous threat to air safety embodied in the FAA's grant of "constant and pro forma exemptions." Id. The court correctly noted that "exemptions should be used sparingly and only in very limited and unusual circumstances." Id. Implicit in the court's discussion is the idea that when the FAA grants an exemption, it is under a burden to explain its unusual action. Here the FAA adequately documented its decision.
 
 III. Arbitrary and Capricious
 
 14
 Finally, petitioner Holmes alone contends that the denial of his petition for exemption was arbitrary and capricious. When, as here, the FAA denies an exemption without an adjudicative hearing, this court reviews that action under the arbitrary and capricious standard. Keating v. FAA, 610 F.2d 611, 612 (9th Cir.1979). The arbitrary and capricious standard requires the agency to offer "some reasoned explanation." Union Oil Co. v. FPC, 542 F.2d 1036, 1040 (9th Cir.1976).
 
 
 15
 The agency decision here under review determined that granting Holmes an exemption would not be in the public interest. This court cannot reverse the agency decision simply because it might believe that the public interest could best be served by a different decision. See Island Airlines, Inc. v. CAB, 363 F.2d 120, 125 (9th Cir.1966) (although agency's views of the public interest were not the only ones which could reasonably be maintained, the agency did not act arbitrarily or capriciously); cf. FCC v. WNCN Listeners Guild, 450 U.S. 582, 596, 101 S.Ct. 1266, 1275, 67 L.Ed.2d 521 (1981) (FCC's judgment regarding how the public interest is best served entitled to substantial judicial deference).
 
 
 16
 Recognizing the "wide deference" required by the arbitrary and capricious standard, Tiger International, Inc. v. CAB, 554 F.2d 926, 937 (9th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 532, 54 L.Ed.2d 467 (1977), this court affirms the agency decision. In challenging this decision, Holmes confuses the requirements of the public interest standard and those of the regulation from which he seeks exemption. He argues that the FAA has not shown that his condition may reasonably be expected to lead to myocardial infarction, as required by 14 C.F.R. Sec. 67.13(e)1(i). The FAA does not need to demonstrate that Holmes is disqualified under a certain medical regulation; that is the subject of an entirely separate administrative process. Here the FAA need only show that granting the exemption would adversely affect safety and thus would not be in the public interest. It has done so.
 
 
 17
 Holmes also contends that it was arbitrary and capricious for the FAA to require him to submit to additional and possibly dangerous medical testing. This court has acknowledged its lack of expertise in aerospace medicine and the deference it accords the FAA in determining the need for medical testing. Keating v. FAA, 610 F.2d at 613. To require additional medical testing is not arbitrary or capricious.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Under local rules of the United States Court of Appeals for the Tenth Circuit, Rule 17(c), adopted in 1972, cases not selected for publication may be cited in any court
 
 
 [2]
 Pursuant to 49 U.S.C. Sec. 1344(d), the Administrator of the FAA has delegated his statutory authority to supervise airmen medical certification to the Federal Air Surgeon. 14 C.F.R. Sec. 67.25