865 F.2d 1329
 275 U.S.App.D.C. 230
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Kelleam F. CHILDERS, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 87-1418.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before WALD, Chief Judge and HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on the petition for review from the Federal Aviation Administration, and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review of the Federal Aviation Administration orders filed May 20, 1987, and July 13, 1987, be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Pro se petitioner Kelleam F. Childers seeks review of an order of the Acting Federal Air Surgeon, Federal Aviation Administration ("FAA"). That order withdrew Childers' special issuance airman medical certification. Regardless of whether we review this case under the "arbitrary or capricious" or "substantial evidence" standard of review, we deny the petition for review.
 
 
 5
 Childers argues that 14 C.F.R. Sec. 67.25 applies to this case in that after sixty days the FAA was not permitted to reverse the issuance of his airman medical certificate. The FAA correctly observes that section 67.25 does not apply to this case. The FAA's withdrawal action was a reversal of the FAA's own determination that Childers be granted the special issuance medical certificate under 14 C.F.R. Sec. 67.19; the action was not the reversal of an Aviation Medical Examiner's ("AME") issuance of a certificate. Thus, it is clear that the FAA's action was not an attempt under section 67.25 to reverse an action by an AME in issuing Childers a certificate.
 
 
 6
 Furthermore, the FAA notes that section 67.19 is the only regulation in Part 67 which addresses the procedures relating to special issuance certificates. Thus, the FAA correctly concludes that it is apparent from the entire scheme of Part 67 that all other references to "certificates" refer to unrestricted certificates,[1] not special issuances. Accordingly, the FAA correctly concludes that section 67.25 is inapplicable in this case. Moreover, given the FAA's goal of promoting air safety, 49 U.S.C. Sec. 1422(b)(1), it would be counterintuitive to suggest that the FAA could not withdraw a special issuance certification after sixty days but prior to its termination.
 
 
 7
 We do not find the FAA's ultimate decision to have been without justification. Childers had an opportunity to submit additional medical evidence before a final decision was rendered and Dr. Fox's subsequent recommendation following review of Childers' submissions, see FAA's Brief, Record at 2 (agreeing with issuance being withdrawn), adequately supports the basis for the decision to withdraw the certificate. Accordingly, we find that the FAA's withdrawal of the issuance of the airman medical special issue certificate was not arbitrary or capricious.
 
 
 8
 Next, Childers argues that the FAA's medical findings are unsound. The FAA contends that Childers merely disagrees with Dr. Fox's medical analysis and with his final conclusion. See Record at 2 (Dr. Fox's medical analysis). Nevertheless, Childers has not shown any error in Dr. Fox's analysis that would cast doubt on his conclusion. In sum, Childers has shown no error in the panel's review or in Dr. Fox's conclusion. The FAA's factual finding that Childers is an unacceptable risk of unpredictable further recurrence of symptoms is supported by the evidence. See Schwartz v. Helms, 712 F.2d 633, 638 (D.C.Cir.1983) (in addressing a challenge to the cardiovascular standards themselves, courts "should be particularly hesitant in reversing the agency's determinations" involving matters within its expertise, such as "the evaluation of complex scientific and medical evidence on the risks posed by coronary heart disease ... and ... the degree of risk of heart attack which may be tolerated among air pilots consistent with air traffic safety." Cf. Holmes v. Helms, 705 F.2d 343, 347 (9th Cir.1983) (when an applicant appeals from the FAA's denial of an exemption, the FAA "does not need to demonstrate that [he] is disqualified under a certain medical regulation," but rather "need only show that granting the exemption would adversely affect safety and thus would not be in the public interest."). Accordingly, we defer to the expertise of the agency in its findings and affirm the FAA's decision.
 
 
 
 [1]
 14 C.F.R. Sec. 67.11 pertains to medical certificates issued to those who meet the FAA's medical standards