438

**Dallas E. BUTLER et al., Petitioners,**

v.

**FEDERAL AVIATION
ADMINISTRATION,
Respondent.**

No. 03–1386.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 24, 2004.

James Robert Klimaski, Klimaski &
Grill, Washington, DC, Anthony Peirson
Xavier Bothwell, Law Office of Anthony
P.X. Rothwell, San Francisco, CA, for Pe-
titioners.

Before EDWARDS, HENDERSON and
GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on the record
from the Federal Aviation Administration
(FAA) and on the briefs by counsel. The
petitioners, who are licensed and certified
pilots over age 60, seek review of an FAA
order denying their applications for ex-
emption from the "Age 60 Rule," 14 C.F.R.
§ 121.383(c), which prohibits a pilot from
serving on a commercial airplane after his
60th birthday. Although the petitioners
purport to seek an "exemption," the peti-
tion lacks specific information to justify
exempting the individual petitioners as re-
quired under the FAA regulations. *See* 14
C.F.R. § 11.61 ("You must include the fol-
lowing information in your petition for an
exemption ... The reasons why granting
the exemption would not adversely affect
safety, or how the exemption would pro-
vide a level of safety at least equal to that
provided by the rule from which you seek
the exemption...."). It is plain from the
petitioners' arguments before the agency
and before the court that they initiated
this proceeding in order to challenge di-
rectly the validity of the rule itself, which
is properly effected only through a petition
for rulemaking rather than a petition for
exemption. *See* 14 C.F.R. §§ 11.61, 11.73;
*see also Yetman v. Garvey,* 261 F.3d 664,
668–69 (7th Cir.2001); *Keating v. FAA,*
610 F.2d 611, 612 (9th Cir.1979); *Rom-
bough v. FAA,* 594 F.2d 893, 897 (2nd
Cir.1979). Accordingly, it is

**ORDERED** that the petition for review
is denied.

Pursuant to D.C. Circuit Rule 36, this
disposition will not be published. The
Clerk is directed to withhold issuance of
the mandate herein until seven days after
resolution of any timely petition for re-
hearing or rehearing en banc. *See* Fed.
R.App. P. 41(b); D.C.Cir. Rule 41.