**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLEY JOHNSON, Trustee of the Charley E. Johnson Revocable Living Trust, | No. 24-2779 |
| | D.C. No. 2:22-cv-01339-JJT |
| *Plaintiff - Appellant*, | |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE L. ROLLINS, Secretary of the U.S. Department of Agriculture; UNITED STATES FOREST SERVICE; TOM SCHULTZ, Chief of the U.S. Forest Service, | OPINION |
| *Defendants - Appellees*. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted April 1, 2025
Submission Vacated April 2, 2025
Resubmitted July 28, 2025
Phoenix, Arizona

Filed July 28, 2025

Before: William A. Fletcher, D. Michael Fisher, and Ryan D. Nelson, Circuit Judges.[*]

Opinion by Judge R. Nelson

## SUMMARY[**]

### Small Tracts Act / Administrative Procedure Act

The panel reversed the district court's summary judgment in favor of the United States in an action brought by Charley Johnson under the Administrative Procedure Act ("APA") alleging that the U.S. Forest Service's decision to exclude corrals from a Small Tracts Act ("STA") sale was arbitrary and capricious.

Under the STA, the Secretary of Agriculture may sell, exchange, or interchange ten acres or less encroached upon by improvements that a landowner built on National Forest Service land in good-faith reliance on an erroneous survey or title search. 16 U.S.C. §§ 521d(a), 521e(2). The Secretary has discretion to approve STA conveyances, provided they are "in the public interest." 36 C.F.R. § 254.35(e).

---

[*] The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals, 3rd Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Johnson, on behalf of his trust, bought about 21 acres bordering the Tonto National Forest in Gila County, Arizona.  Johnson learned that most of the improvements on the land were not on his private property, but on National Forest Service land. To resolve the encroachment, Johnson filed an STA application, and  the Forest Service sold Johnson a 0.59-acre parcel that included land under the house, barn, and well, but not the corrals.  Johnson sued under the APA, alleging that the Forest Service's decision to exclude the corrals from the STA sale was arbitrary, capricious, or not in accordance with law.

The APA sets out a presumption of judicial review, which is rebutted to the extent that a challenged agency action is "committed to agency discretion by law."

5 U.S.C. § 701(a)(2).  The government argued that the Forest Service's decision to exclude the corrals from Johnson's STA sale fell within this exception to judicial review.

The panel held that the APA's § 701(a)(2)'s "very narrow exception" to the default rule of judicial review did not apply to discretionary conveyances under the STA.   The Forest Service's discretionary decisions under the APA are subject to judicial review.  The STA and its regulations provide meaningful standards for evaluating the Forest Service's decision whether to convey NFS land.  Accordingly, the panel held that Johnson was entitled to APA review of the Forest Service's decision to exclude the corrals from his STA sale.

**COUNSEL**

Danielle R. Bettencourt (argued), Fairfield and Woods PC, Denver, Colorado; William G. Klain, Fennemore Craig PC, Phoenix, Arizona; for Plaintiff-Appellant.

Neil Singh (argued), Assistant United States Attorney; Caitlin B. Noel, Appellate Chief; Gary M. Restaino, United States Attorney; Office of the United States Attorney, United States Department of Justice, Phoenix, Arizona; for Defendants-Appellees.

**OPINION**

R. NELSON, Circuit Judge:

Congress passed the Small Tracts Act (STA) to help the United States Forest Service resolve boundary disputes over small parcels of National Forest System (NFS) land. *See* Pub. L. No. 97-465, 96 Stat. 2535 (1983). Relevant here, the Secretary of Agriculture may sell, exchange, or interchange ten acres or less encroached upon by improvements that a landowner built on NFS land in good-faith reliance on an erroneous survey or title search. 16 U.S.C. §§ 521d(a), 521e(2). The Secretary has discretion to approve STA conveyances, provided they are "in the public interest." 36 C.F.R. § 254.35(e).

The question is whether STA conveyances fall within the Administrative Procedure Act's (APA) narrow exception to judicial review for actions "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The answer is no: the STA and its regulations provide "meaningful standards" for

reviewing the Secretary's discretionary decisions. *Heckler v. Chaney*, 470 U.S. 821, 834–35 (1985). Because the district court unduly narrowed its review under the APA, we reverse and remand.

## I

## A

In 2006, Charley Johnson, on behalf of his trust, bought about 21 acres bordering the Tonto National Forest in Gila County, Arizona. The parcel came with a house, barn, saddle house, well, corrals, and other ranch-related improvements that the previous landowner built in the 1950s. Based on the Bill of Sale and a professional title search, Johnson believed that he owned each improvement, and that none encroached on federal land.

As it happens, Johnson was mistaken. The northern boundary of Johnson's property was farther south than he thought. So when his neighbor commissioned a survey, Johnson learned for the first time that most of his improvements were located not on his private property, but on NFS land.

To resolve the encroachment, Johnson filed an STA application with the Forest Service.[1] Johnson proposed purchasing six to eight acres of NFS land to cover the encroaching improvements. After processing the application for about a decade, the Service set survey monuments for a 4-acre sale. This proposed parcel

---

[1] The Forest Service evaluates STA applications under authority delegated from the Secretary of Agriculture. *See* 7 C.F.R. §§ 2.20(a)(2)(ii), 2.60(a)(2).

encompassed all the encroaching improvements, giving Johnson clear title to each.

Later, the Forest Service reversed course. The Service offered to resolve the encroachment by selling Johnson a smaller, 0.59-acre parcel. This new proposal included the land under the house, barn, and well—but not the corrals.

According to the Forest Service, the corrals were "not in trespass" because they were "authorized range improvements" owned by the United States. *See* 36 C.F.R. § 222.9(b)(2). The Service maintained that the federal government had authorized the corrals' construction on NFS land to aid in range management. In other words, the Service did not view the corrals as privately held, encroaching improvements under the STA. *See* 16 U.S.C. § 521e(2).

Johnson disputed the Forest Service's decision, arguing that the corrals were not "authorized range improvements" and should be considered for sale. He explained that the previous owners constructed the corrals decades before. And Johnson regularly paid property taxes on the corrals, as did the original owners. Though Johnson insisted that the corrals be included in the sale, he "reluctantly agree[d]" to buy the 0.59 acres when the Service refused to revisit its decision.

With Johnson agreeing to the purchase, the Forest Service found that the sale was "in the public interest." *See* 16 U.S.C. § 521d(a). It reached that conclusion after evaluating seven public interest factors in the STA's regulations. *See* 36 C.F.R. § 254.36(c)(1)–(7). The Service also considered five factors for "determining whether to convey lands upon which encroachments exist." *See* 36 C.F.R. § 254.32(c)(1)–(5). A case report explained that Johnson obtained the property in good faith, that he lacked

notice that the improvements encroached on NFS land, that the encroachments were caused by an inaccurate description on the deed, and that Johnson did not learn of the encroachments until after he bought the property. The Service thus deemed the 0.59-acre parcel "eligible for conveyance."

An appraiser, Amy Edwards, valued the property at $27,000. Johnson contested the valuation and again asked the Forest Service to reconsider its decision excluding the corrals. His request was denied.

Finally, nearly fifteen years after filing his STA application, Johnson paid the government $27,000 and received a deed to the 0.59-acre parcel.

## B

Johnson sued under the APA, alleging that the Forest Service's decision to exclude the corrals from the STA sale was arbitrary, capricious, or not in accordance with law. *See* 5 U.S.C. § 706(2)(A). He also alleged that the Service acted arbitrarily or capriciously in relying on the Edwards appraisal.

Johnson moved for summary judgment. *See Johnson v. United States*, 718 F. Supp. 3d 942, 944 (D. Ariz. 2024). The district court's order addressed whether STA decisions are "committed to agency discretion by law," and thus exempt from judicial review under § 701(a)(2) of the APA. *Id.* at 946 (quotation omitted). Generally, the district court explained, the STA "provides substantial law upon which a court can review the agency's decisions." *Id.* at 946–47. But the district court still held that "judicial review of agency action under the STA is necessarily limited to the select few provisions in the STA and its accompanying regulations that

are mandatory." *Id.* at 947. And because Johnson (in the district court's view) "fail[ed] to identify any mandatory provision that [the Government] failed to adhere to when electing to reduce the amount of land for sale," his arguments were thought to "fall outside the scope of the court's review." *Id.*

After concluding that it was not arbitrary or capricious to rely on the Edwards appraisal, the district court denied Johnson's motion and entered summary judgment for the Government. *Id.* at 947–49. Johnson timely appealed.

## II

We have jurisdiction under 28 U.S.C. § 1291. The district court's ruling on summary judgment is reviewed de novo. *All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 485 (9th Cir. 2023).

## III

This appeal begins and ends with § 701(a)(2) of the APA. We hold that § 701(a)(2)'s "very narrow exception" to the default rule of judicial review does not apply to discretionary conveyances under the STA. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971). Though the district court correctly noted that STA conveyances are not, generally, "committed to agency discretion by law," 5 U.S.C. § 701(a)(2), it erred in restricting its review to the STA's "mandatory" provisions, *Johnson*, 718 F. Supp. 3d at 946–47. The district court should have assessed whether the Forest Service's decision to exclude the corrals from Johnson's STA sale was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 706(2)(A). Given the fact-intensive nature of that analysis, we task the district

court with evaluating the Service's reasoning in the first instance.[2] *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("We generally do not 'consider an issue not passed upon below.'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))). We expect it to do so expeditiously.

## A

The APA sets out a "basic presumption of judicial review," *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 140 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977), and permits courts to "hold unlawful and set aside agency action if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,'" *Fejes v. FAA*, 98 F.4th 1156, 1159 (9th Cir. 2024) (quoting 5 U.S.C. § 706(2)(A)). The presumption of judicial review is rebutted, however, "to the extent that" a relevant statute precludes review, 5 U.S.C. § 701(a)(1), or the challenged agency action is "committed to agency discretion by law," *id.* § 701(a)(2). The Government contends that the Forest Service's decision to exclude the corrals from Johnson's STA sale falls within the second exception. We disagree.

Section 701(a)(2)'s exception for action committed to agency discretion is read "quite narrowly." *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. 9, 23 (2018). The APA cannot preclude judicial review of agency decisions simply because they are discretionary; the statute itself "command[s] that courts set aside agency action that is an

---

[2] The district court might ultimately require the Forest Service to revisit its decision limiting Johnson's STA sale to 0.59 acres. So we decline to address at this stage whether the Service's reliance on the Edwards appraisal—which was limited to the 0.59-acre parcel—was arbitrary or capricious under the APA.

*abuse of discretion*." *Dep't of Com. v. New York*, 588 U.S. 752, 772 (2019) (emphasis added). As the Supreme Court has explained, agency action is "committed to agency discretion" only in "'those rare circumstances where the relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Id.* (quoting *Weyerhaeuser*, 586 U.S. at 23). Simply put, judicial review is unavailable when there is "no law to apply." *Overton Park*, 401 U.S. at 410 (quotation omitted).

To be sure, the STA gives the Forest Service broad authority to resolve disputes involving NFS lands. The STA's regulations make clear that the "sale, exchange, or interchange of lands . . . under these rules are discretionary." 36 C.F.R. § 254.35(e). The Service retains authority to deny a conveyance even if the conveyance is in the public interest. The Service could also choose to forgo an STA sale and bring claims for trespass and ejectment. Or it could pursue criminal enforcement. *See* 36 C.F.R. §§ 261.1b, 261.10(a), (b). But if the Service invokes the STA, the contours of a proposed conveyance are within its discretion.

Despite this broad discretion, the STA and its regulations provide "meaningful standard[s]" for evaluating the Forest Service's decision whether to convey NFS land. *See Dep't of Com.*, 588 U.S. at 772 (quotation omitted). The STA authorizes conveyances that the Secretary determines are "in the public interest." 16 U.S.C. § 521d(a). The Secretary must issue regulations establishing criteria for making that determination. *Id.* § 521h(1). Those criteria include seven factors the Service "shall consider" in its analysis, including whether the conveyance will restrict enjoyment of NFS land

or substantially impair scenic and wildlife values.[3]  36 C.F.R. § 254.36(c)(1)–(7).   On top of that, the Service must consider five more factors before conveying land on which encroachments exist.   *Id.* § 254.32(c)(1)–(5).   And yet another regulation limits all STA conveyances to "the minimum [area of land] necessary to resolve encroachment or land management problems." *Id.* § 254.35(g).

As these regulations show, this is not one of the "rare instances" where there is "no law to apply." *Perez Perez v. Wolf*, 943 F.3d 853, 860 (9th Cir. 2019) (quotation omitted). Though the decision to authorize or deny an STA conveyance is discretionary, the exercise of that discretion is cabined by meaningful regulatory standards.[4] *Compare* 36 C.F.R. § 254.35(e) (STA conveyances "are discretionary and shall be made only if found to be in the public interest"), *with Keating v. FAA*, 610 F.2d 611, 612 (9th Cir. 1979) (judicial review where the statute allowed the head of the Federal Aviation Administration to grant exemptions to an agency regulation if "such action would be in the public interest" (quoting 49 U.S.C. § 1421(c))).   The presumption of judicial review remains unrebutted, meaning STA conveyances are reviewable under the APA. *See Dep't of Com.*, 588 U.S. at 772.   When conducting that analysis,

---

[3] Johnson argues that the Forest Service should have considered the public interest factors when it reduced the proposed sale from 4 to 0.59 acres.  But no factor entails a comparative assessment of the costs and benefits associated with different sized parcels.  Put differently, the STA's factor-based analysis need not assess whether a smaller parcel would better serve the public interest.

[4] "[W]hether the meaningful standards derive from a statute or regulation is irrelevant to the question whether § 701(a)(2) bars judicial review." *Jajati v. U.S. Customs & Border Prot.*, 102 F.4th 1011, 1016 n.1 (9th Cir. 2024).

reviewing courts must determine whether the Forest Service's action was arbitrary, capricious, or an abuse of discretion when viewed alongside the standards in the STA and its accompanying regulations. *See* 5 U.S.C. § 706(2)(A).

At least one other circuit has suggested as much. In *Citizens' Committee to Save Our Canyons v. U.S. Forest Service*, the Tenth Circuit reviewed a land interchange under the STA. 297 F.3d 1012 (10th Cir. 2002). The court explained that once the Forest Service decides to convey land under the STA, it must examine various criteria "to decide if the land *should* be conveyed." *Id.* at 1027. One criterion, the court noted, is whether the interchange is "in the 'public interest.'" *Id.* (quoting 36 C.F.R. § 254.35(e)). The Tenth Circuit then analyzed whether the Forest Service acted arbitrarily or capriciously in conducting the interchange. *Id.* at 1027–28. In doing so, the court judged the Service's actions against the regulations for determining the value of an STA interchange. *Id.* at 1027. "Considering these regulations in light of the [i]nterchange at issue," the court concluded that the Service's valuation was not arbitrary or capricious. *Id.* At no point did the Tenth Circuit question its authority to review the Service's decision under the APA.

Also instructive are our cases involving the Federal Land Policy and Management Act (FLPMA). *See* Pub. L. No. 94-579, 90 Stat. 2743 (1976). Like the STA, FLPMA authorizes the Secretary of the Interior to sell certain public lands, such as scattered, isolated tracts that are difficult or uneconomic to manage. 43 U.S.C. § 1713(a). And also like the STA, FLPMA requires the Secretary to find that "the public interest will be well served" by a conveyance. *Id.* § 1716(a); *see id.* (listing public interest factors to which the Secretary

"shall give full consideration" in making land exchanges). In deciding challenges to public interest determinations under FLPMA, we "review the [agency's] compliance with FLPMA under the deferential 'arbitrary and capricious' standard." *Ctr. for Biological Diversity v. U.S. Dep't of Interior*, 623 F.3d 633, 641, 646–47 (9th Cir. 2010) (quotation omitted); *see, e.g.*, *Nat'l Parks & Conservation Ass'n v. Bureau of Land Mgmt.*, 606 F.3d 1058, 1064, 1069 (9th Cir. 2010). These cases reinforce our conclusion that analogous STA conveyances are reviewable under the APA.

Against this backdrop, the district court erred in confining its analysis to the Forest Service's compliance with the STA's "mandatory" provisions. *Johnson*, 718 F. Supp. 3d at 947. For starters, no authority supports the district court's holding that judicial review under the APA is "necessarily limited to the select few provisions in the STA and its accompanying regulations that are mandatory." *Id.* And though the district court framed Johnson's case as a challenge to the Service's exercise of its discretion, an agency's discretionary decision still falls within a court's APA review. *See Beno v. Shalala*, 30 F.3d 1057, 1066 (9th Cir. 1994) ("[T]he mere fact that a statute contains discretionary language does not make agency action unreviewable."). We have often held that "where the agency has reserved to itself certain decisions as within its discretion, or even its sole discretion," that "does not deprive us of the right to review its actions for an abuse of its discretion or to determine if its actions were otherwise arbitrary and capricious." *Jajati v. U.S. Customs & Border Prot.*, 102 F.4th 1011, 1017 (9th Cir. 2024) (citation modified) (quoting *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1071 (9th Cir. 2015)).

It makes sense why.  Whether agency action falls within a broad grant of discretion is "entirely distinct" from whether a court can conduct APA review to determine whether an agency "'justif[ied] its choice on specious grounds,' *see Newman v. Apfel*, 223 F.3d 937, 943 (9th Cir. 2000), failed to satisfy 'the general requirements of reasoned agency decisionmaking,' *see Dep't of Com.*, 588 U.S. at 773, or 'fail[ed] to comply with its own regulations,' *see ASSE*, 803 F.3d at 1069 (quoting *Abdelhamid v. Ilchert*, 774 F.2d 1447, 1450 (9th Cir. 1985))." *Id.* (citation modified).  Thus, courts can review the Forest Service's discretionary decisions under the STA, considering the statutory requirements and regulations to which the Service must adhere.  *See, e.g.*, 36 C.F.R. §§ 254.32(c), 254.36(c).  Requiring a plaintiff to direct his challenge to a "mandatory" provision has no basis in the APA.

Returning to this case, Johnson argues that the Forest Service's decision to exclude the corrals from the STA sale was arbitrary or capricious.  He challenges the Service's conclusion that the corrals are "authorized range improvements" not subject to sale under the STA.  The district court declined to evaluate Johnson's arguments based on the assumption that its review was limited to compliance with the STA's mandatory provisions.  Again, that assumption was wrong.[5]  A court's APA review is not

---

[5] In any event, Johnson's arguments about the corrals *do* rely on mandatory provisions of the STA.  The STA authorizes the Secretary to convey parcels "encroached upon by improvements."  16 U.S.C. § 521e(2).  "Encroachments are improvements occupied or used on National Forest System land under claim of title or color of title."  36 C.F.R. § 254.31.  So a key question is whether the corrals are "[e]ncroachments" as defined in the STA's mandatory regulations.  The

restricted to the STA's mandatory provisions—it also looks to how the Service exercised its discretion in light of the statutory and regulatory requirements.  *See Jajati*, 102 F.4th at 1017.  On remand, the district court must consider whether the Service's decision to exclude the corrals from the STA sale—including its conclusion that the corrals are "authorized range improvements" owned by the United States—was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *See* 5 U.S.C. § 706(2)(A).

## B

The Government's counterargument is unpersuasive.  It maintains that discretionary action under the STA is exempt from judicial review because the STA is a "permissive type statute."  This argument stems from a few Ninth Circuit cases, decided in the 1960s and 70s, that predate the Supreme Court's current instructions on when action is committed to agency discretion under the APA.

The "permissive type" label got its start in *Ferry v. Udall*, 336 F.2d 706 (9th Cir. 1964).  Relying on a pre-APA case, we reasoned that "courts may not review a decision committed to the [agency's] discretion pursuant to a 'permissive type' statute."  *Id.* at 712; *see id.* (citing *United States ex rel. McLennan v. Wilbur*, 283 U.S. 414 (1931)).  By contrast, courts could review decisions under "a 'mandatory type' statute," even when the decision "involve[d] some degree of discretion."  *Id.*  *Ferry* did not explain when a statute falls into one category or the other.

---

district court ignored this argument, even though Johnson raised it in his summary judgment briefing.

We fleshed out the distinction in *Mollohan v. Gray*, 413 F.2d 349 (9th Cir. 1969). "With a mandatory type statute, administrative discretion is limited to deciding whether the statutory requirements have been met; if they are met, the [agency] must take certain action." *Id.* at 351. But with "a permissive type statute, even where an applicant meets all of the statutory requirements, the [agency] still has discretion to refuse to act." *Id.* According to *Mollohan*, decisions under this second category of statutes—the permissive types—are unreviewable. *Id.*

The Government seizes on this point, arguing that the STA is a permissive type statute because the Forest Service may deny a conveyance even if all requirements are met. *See* 36 C.F.R. § 254.35(e). On that view, whether to authorize an STA conveyance is exempt from judicial review under the APA.

Here's the problem: we rejected the mandatory/permissive framework fifty years ago. The plaintiffs in *Strickland v. Morton* sought judicial review of the Secretary of the Interior's denial of their homesteading applications. 519 F.2d 467, 468 (9th Cir. 1975). Relying on *Mollohan*, the district court dismissed the plaintiffs' action for lack of jurisdiction. *Id.* The federal statute at issue—like the statute in *Mollohan*—was a permissive type statute. *Id.* So the district court concluded that it lacked authority to review the Secretary's decision because it was committed to agency discretion under our precedent. *Id.*

On appeal, we noted that the district court "correctly applied the legal principles set forth in . . . *Mollohan*." *Id.* Still, we concluded that *Mollohan* needed "reinspection" after the Supreme Court's intervening decision in *Overton Park*, which "drastically limit[ed] and confin[ed]" the

judicial review exception for actions committed to agency discretion. *Id.* Not only did *Overton Park* significantly narrow § 701(a)(2); it framed how the Supreme Court has interpreted that provision since. For the first time, the Court articulated the now-familiar question for whether agency action is committed to agency discretion by law: Is the statute "drawn in such broad terms that in a given case there is no law to apply"? *Overton Park*, 401 U.S. at 410 (quotation omitted).

It is no wonder, then, that *Strickland* jettisoned *Mollohan*'s mandatory/permissive framework. We explained: "In light of the test stated in *Overton Park*," the question is not whether a statute is permissive or mandatory, but whether the discretionary powers the statute confers "are so broad that the court cannot discern from the language of the statute . . . a legal basis upon which to review the Secretary's exercise of his discretion." *Strickland*, 519 F.2d at 468. In other words, we ask whether there is "no law to apply." *Id.* (quoting *Overton Park*, 401 U.S. at 410). We have invoked this test many times since. *See, e.g.*, *Or. Nat. Res. Council v. Thomas*, 92 F.3d 792, 798 (9th Cir. 1996) ("[I]t's well-settled that the touchstone of reviewability under section 701(a)(2) is whether there's 'law to apply.'" (quoting *Overton Park*, 401 U.S. at 410)). So has the Supreme Court. *See, e.g.*, *Dep't of Com.*, 588 U.S. at 773 (quoting *Overton Park*, 401 U.S. at 410). The mandatory/permissive framework is no longer good law.

IV

The Forest Service's discretionary decisions under the STA are subject to judicial review. The STA and its regulations provide "meaningful standard[s]" for evaluating the Service's exercise of its discretion. *Id.* at 772 (quoting

*Weyerhaeuser*, 586 U.S. at 23).  That analysis, contrary to the district court's reasoning, is not limited to the STA's mandatory provisions.  Johnson is thus entitled to APA review of the Service's decision to exclude the corrals from his STA sale.

**REVERSED and REMANDED.**