787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THOMAS M. WHETSEL, Petitioner,
v.
DONALD ENGEN, ADMINISTRATOR, FEDERAL AVIATION
ADMINISTRATION, Respondent.
 85-3155
 United States Court of Appeals, Sixth Circuit.
 3/31/86
 
 AFFIRMED
 Nat.Transp.Saf.Bd.
 ON PETITION for Review of an Order of the National Transportation Safety Board
 Before: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Thomas M. Whetsel, an aircraft mechanic, seeks review of an order of the National Transportation Safety Board ('NTSB') which affirmed the order of an Administrative Law Judge ('ALJ') granting the Federal Aviation Administration's ('FAA') motion to dismiss Whetsel's petition for review of a final order of respondent Donald D. Engen, the Administrator of the Federal Aviation Administration ('Administrator'). The Administrator's order denied petitioner's application to renew his inspection authorization ('IA').[1]
 
 
 2
 Under the FAA's regulatory scheme, an IA expires on every March 31. 14 C.F.R. Sec. 65.92(a). Accordingly, in March of every year, each person holding an IA must apply for renewal of the IA. 14 C.F.R. Sec. 65.93(a). During March 1984, petitioner applied for renewal of his IA. On March 27, 1984, the FAA denied petitioner's application for renewal because petitioner had not held his certificate continuously for the three-year period immediately preceeding his application under 14 C.F.R. Secs. 65.93(a), 65.91(c)(1). At that time, 14 C.F.R. Secs. 65.91(c)(1) required an applicant to '[h]old a currently effective mechanic certificate with both an airframe rating and a powerplant rating, each of which is currently effective and has been continuously in effect for not less than the three year period immediately before the date of application.' Although petitioner had held a mechanic certificate, including both an airframe rating and a powerplant rating, since 1966 and an IA for approximately eight years, petitioner's powerplant rating had not 'been continuously in effect for . . . the three year period immediately before the date of application.' On July 7, 1983, the Administrator had issued an 'Emergency Order of Revocation and Suspension,' which revoked petitioner's IA and suspended his powerplant rating until petitioner successfully completed a reexamination of his qualifications to hold a powerplant rating. On August 17, 1983, after a three-day hearing on the matter, an ALJ modified the Administrator's emergency order to provide for a thirty-day suspension of petitioner's powerplant rating and a six-month suspension of his IA and affirmed the order as modified. Under 14 C.F.R. Sec. 65.15(a),[2] a powerplant rating is not 'in effect' when suspended. Consequently, petitioner did not satisfy 14 C.F.R. Sec. 65.91(c)(1)' § three-year 'continuously in effect' requirement.
 
 
 3
 On April 4, 1984, Whetsel petitioned the NTSB to review the Administrator's denial of his renewal application under 49 U.S.C. Sec. 1422(b) and 49 C.F.R. Part 821. The NTSB assigned the case to an ALJ. The FAA filed a motion to dismiss the petition for review on the grounds that Whetsel had admitted facts which established his ineligiblity for renewal of his IA and that the NTSB had no jurisdiction to review the validity of the FAA's regulations. On May 17, 1984, without a hearing, the ALJ issued an order granting the FAA's motion to dismiss. The ALJ found that since petitioner's powerplant rating was not in effect during the thirty-day suspension, petitioner did not meet the three-year 'continuously in effect' requirement. In addition, the ALJ concluded that petitioner could not challenge a Federal Aviation Regulation before the NTSB.
 
 
 4
 On May 24, 1984, petitioner appealed the ALJ's decision to the full NTSB. On January 7, 1985, the NTSB issued an order affirming the ALJ's dismissal of Whetsel's petition for review. The NTSB ruled that the ALJ properly applied 14 C.F.R. Sec. 65.91(c)(1) to the facts of the case and concluded that the NTSB cannot review the validity of the FAA's regulations. On February 21, 1985, pursuant to 49 U.S.C. Sec. 1486(a), Whetsel filed this petition to review the NTSB's order.
 
 
 5
 After Whetsel filed this petition to review the NTSB's order, the FAA published a final rule amending 14 C.F.R. Sec. 65.91(c)(1). 50 Fed. Reg. 15,698 (1985) (to be codified at 14 C.F.R. Sec. 65.91(c)(1)). The amendment eliminated the requirement that an applicant hold a powerplant rating 'which . . . has been continuously in effect for not less than the three year period immediately before the date of application.' Instead, the amended regulation requires that an applicant '[h]old a currently effective . . . powerplant rating . . . which . . . has been in effect for a total of at least 3 years.' Id. at 15,700. The amendment became effective on April 19, 1985. On June 10, 1985, the Administrator filed a motion to dismiss this petition for review as moot. Petitioner filed a response to the motion to dismiss on June 17, 1985. On September 26, 1985, a motion panel of this Court referred the motion to dismiss to the hearing panel.
 
 
 6
 In this petition to review the NTSB's order, petitioner raises sixteen issues. Essentially, however, we can condense the sixteen issues to two issues: (1) Whether petitioner met the eligibility requirements for renewal of an IA; and (2) Whether the FAA regulation which precluded petitioner from renewing his IA was valid. For the reasons stated below, we hold that petitioner did not meet the eligiblity requirements for renewal of his IA and that the FAA regulation was reasonable. Accordingly, we affirm the order of the NTSB.
 
 I.
 
 7
 Initially, petitioner contends that he met the eligibility requirements for renewal of his IA. We disagree. Petitioner did not satisfy the requirement in 14 C.F.R. Sec. 65.93(a) that he 'present evidence annually, during the month of March . . . that [he] still meets the requirements of Sec. 65.91(c)(1) through (4) . . ..' Petitioner does not dispute the fact that an ALJ suspended his powerplant rating for thirty days on August 17, 1983. Under 14 C.F.R. Sec. 65.15(a), 'a certificate or rating issued under this part is effective until it is surrendered, suspended, or revoked.' A powerplant rating is a rating under 14 C.F.R. Part 65, Subpart D. 14 C.F.R. Sec. 65.73(a). At the time petitioner applied for renewal of his IA, 14 C.F.R. Sec. 65.91(c)(1) required an applicant to '[h]old a currently effective mechanic certificate with both an airframe rating and a powerplant rating, each of which has been continuously in effect for not less than the three year period immediately before the date of application.' Since petitioner's powerplant rating had not 'been continuously in effect for . . . the three year period before the date of application,' we hold that petitioner did not meet the eligibility requirements for renewal of his IA.
 
 II.
 
 8
 Petitioner also challenges 14 C.F.R. Secs. 65.93(a), 65.91(c)(1) as null and void on the grounds that the regulations conflict with the NTSB's statutory authority to adjudicate issues of suspension and revocation of airman certificates and that the regulations are unreasonable. Initially, however, we must determine whether this issue in the petition for review is moot. On April 19, 1985, the FAA published a final rule amending 14 C.F.R. Sec. 65.91(c)(1). 50 Fed. Reg. 15,698 (1985) (to be codified at 14 C.F.R. Sec. 65.91(c)(1)). The amendment eliminated the requirement that an applicant '[h]old a currently effective mechanic certificate with both an airframe rating and a powerplant rating, each of which is currently effective and has been continuously in effect for not less than the three year period immediately before the date of application.' Instead, the amended regulation requires that an applicant '[h]old a currently effective mechanic certificate with both an airframe rating and a powerplant rating, each of which is currently effective and has been in effect for a total of at least 3 years.' Id. The amendment became effective immediately at publication. Under the amended 14 C.F.R. Sec. 65.91(c)(1), the suspension of petitioner's powerplant rating on August 17, 1983 would not have, by itself, disqualified petitioner from renewing his IA. An April 30, 1985 letter from the FAA to petitioner, however, states that 'prior to the issuance of the inspection authorization, Mr. Whetsel must pass the written test prescribed by Sec. 65.91(c)(5).' At oral argument, counsel for the FAA stated that since the amendment does not apply retroactively, petitioner must retake the written test. The FAA takes the position that since petitioner's IA expired on March 31, 1984, petitioner cannot renew it under the amended regulation, which did not become effective until April 19, 1985. Consequently, we conclude that the petition to review is not moot.
 
 
 9
 The NTSB correctly concluded that it did not have the authority to review the validity of the FAA's regulations. Although 49 U.S.C. Sec. 1422(b) gives the NTSB the authority to review the FAA's denial of an application for issuance or renewal of an airman certificate, the NTSB can only 'determin[e] whether the airman meets the pertinent rules, regulations or standards.' Title 49 U.S.C. Sec. 1422(b) does not give the NTSB the authority to review the validity of the FAA's regulations. In Watson v. National Transportation Safety Board, 513 F.2d 1081, 1082 (9th Cir. 1975), the Ninth Circuit stated: 'The NTSB does not have jurisdiction over challenges to FAA regulations of general application, even though such regulations may have substantial effects on individuals.' Title 49 U.S.C. Sec. 1486(a), however, gives this Court jurisdiction to review the challenged regulations. In Starr v. Federal Aviation Administration, 589 F.2d 307, 313 (7th Cir. 1978) (citations omitted), the Seventh Circuit stated that: 'The court will befer to the discretion allowed the FAA by Congress to determine the type and scope of air safety rules . . . even if on its own the court might have made different findings or adopted different standards.' Accordingly, in reviewing the challenged regulations, we accord considerable deference to the FAA's expertise in promulgating air safety rules.
 
 
 10
 Petitioner contends that 14 C.F.R. Secs. 65.93(a) and 65.91(c)(1) conflict with the NTSB's statutory authority under 49 U.S.C. Sec. 1903(a)(9)(A) to 'review on appeal . . . the suspension, amendment, modification, revocation, or denial of any operating certificate or license issued by the Secretary of Transportation under section[ ] 1422 . . . of this title . . ..' Petitioner argues that since the NTSB modified the Administrator's emergency order revoking petitioner's IA to a six-month suspension of his IA, the NTSB determined that he was qualified to hold an IA. Petitioner notes that approximately three months before he applied for renewal of his IA the FAA returned his IA at the expiration of his six-month suspension. Petitioner reasons that since he held a valid IA at the time of his application for renewal, the FAA could not determine that he was unqualified to hold an IA by refusing to renew his certificate. Petitioner argues that the Administrator could not substitute his judgment that petitioner was not qualified to hold an IA for that of the NTSB. Petitioner, however, does not recognize that different standards apply to revocation proceedings and renewal applications. At the time petitioner applied for renewal of his IA, under 14 C.F.R. Secs. 65.93(a) and 65.91(c)(1) the Administrator could not renew petitioner's IA unless petitioner held 'a currently effective mechanic certificate with both an airframe rating and a powerplant rating, each of which has been continuously in effect for not less than the three year period immediately before the date of application.' We hold that the challenged regulations do not conflict with the NTSB's authority to review on appeal the suspension, revocation, or denial of airman certificates.
 
 
 11
 Petitioner also argues that the challenged regulations are unreasonable. The FAA maintains that the 14 C.F.R. Secs. 65.93(a) and 65.91(c)(1) were reasonable in light of the FAA's duty to promote air safety. Under 49 U.S.C. Sec. 1421(a)(3)(A), the Secretary of Transportation has the 'duty to promote safety of flight of civil aircraft in air commerce by prescribing and revising from time to time . . . [r]easonable rules and regulations and minimum standards governing, in the interest of safety . . . the inspection, servicing and overhaul of aircraft . . ..' Title 49 U.S.C. Sec. 1421(a)(6) gives the Secretary of Transportation general authority to prescribe and revise '[s]uch reasonable rules and regulations, or minimum standards, governing other practices, methods, and procedures, as the Secretary of Transportation may find necessary to provide adequately for national security and safety in air commerce.' Under 49 U.S.C. Sec. 106(g)(1), the Administrator performs the 'duties and powers of the Secretary related to aviation safety . . ..' Accordingly, one way the Administrator promotes flight safety is by certifying the mechanics who perform maintenance and inspections on aircraft.
 
 
 12
 Petitioner alleges that the Administrator cannot give a 'rational basis' for denying an application for renewal because of a temporary suspension in the preceeding three-year period when the applicant's certificates 'are in fact in full force and effect on the date of renewal.' The Administrator, however, maintains that the FAA adopted 14 C.F.R. Sec. 65.91(c)(1) in the interest of aviation safety to help assure the highest level of expertise for aircraft mechanics with the highest level of responsibility. In Amendment 65-22, 42 Fed. Reg. 46,278 (1977), the FAA amended 14 C.F.R. Sec. 65.91(c)(1) to add the 'continuously in effect' requirement. At the time the FAA adopted Amendment 65-22, the FAA was aware that under the amendment a mechanic who had his airframe or powerplant rating suspended would not be eligible for an IA until three years after the end of the suspension. 50 Fed. Reg. 15,698 (1985). The FAA considered the requirement 'appropriate because the privileges and responsibilities that a person is charged with while holding the IA are greater than those of a certified mechanic.' Id. In Air Line Pilots Association, Internal v. Quesada, 276 F.2d 892 (2d Cir. 1960), the Second Circuit rejected a challenge to a Federal Aviation Agency regulation prohibiting air carriers from using pilots who had reached the age of sixty. The pilots association asserted that the age sixty limitation was 'arbitrary and discriminatory and without relation to any requirements of safety.' Id. at 898. In refusing to hold that the regulation was unreasonable, the Second Circuit stated: 'It is not the business of courts to substitute their untutored judgment for the expert knowledge of those who are given authority to implement the general directives of Congress.' Id. Accordingly, we refuse to substitute our judgment for that of the FAA.
 
 
 13
 Finally, petitioner argues that the Administrator acknowledged the unreasonableness of the 'continuously in effect' requirement when the FAA recently amended 14 C.F.R. Sec. 65.91(c)(1). In amending the regulation the FAA recognized that the 'continuously in effect' requirement 'had an unintended inhibiting effect on the FAA's enforcement program.' 50 Fed. Reg. 15,698 (1985). The three-year period of ineligibility for an IA left FAA enforcement personnel reluctant in some cases to suspend a mechanic's airframe or powerplant rating. The fact that the FAA has decided that the amended regulation is at this time preferable to the old regulation does not mean that the old regulation was invalid. The FAA has the authority to select from reasonable alternatives. The old regulation was reasonable. The old regulation may not have been the best alternative, this Court will not substitute its judgment for that of the FAA.
 
 
 14
 Accordingly, we affirm the order of the NTSB dismissing petitioner's appeal.
 
 
 
 [1]
 An inspection authorization licenses a mechanic to perform certain required inspections of aircraft
 
 
 [2]
 Title 14 C.F.R. Sec. 65.15(a) provides:
 Except for repairman certificates, a certificate or rating issued under this part is effective until it is surrendered, suspended, or revoked.